## ROBERTSON v. SALOMON.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

No. 446. Argued January 16, 1889.—Decided April 15, 1889.

In settling the meaning and application of tariff laws, the commercial designation of an article is the first and most important thing to be ascertained.

When the commercial designation of an article fails to give it its proper place in the classification of a tariff law, then resort must be had to its common designation.

In an action to recover back duties paid on an importation of white beans, which were classified at the Custom House as "vegetables," in the general category of "articles of food," it was error in the court to exclude evidence offered by the collector to prove the common designation of "beans" as "an article of food."

THE case is stated in the opinion.

*Mr. Solicitor General* for plaintiff in error.

*Mr. Joseph H. Choate* for defendants in error.

*Mr. Henry Edwin Tremain* and *Mr. Mason W. Tyler* were with *Mr. Choate* on his brief.

Mr. JUSTICE BRADLEY delivered the opinion of the court.

This is an action brought by the defendants in error against the collector of New York, to recover an alleged excess of duties on goods imported. The goods referred to were white beans, upon which the collector levied a duty of twenty per cent *ad valorem*, as garden seeds. This charge was paid under protest; the plaintiffs insisting that the article was exempt from duty under the free list, as seeds "not otherwise provided for," or, if not free, they were only dutiable at ten per cent, as "*vegetables*." The Treasury Department finally conceded that the beans did not properly come under the denomination of "garden seeds," and directed ten per cent to be refunded; but still insisted that they are liable to a duty of ten per cent as "vegetables," in the general category of "articles of food." The plaintiffs adhere to their first position that beans are free of duty, as seeds "not otherwise provided for;" and that is the only question here presented.

The clauses of the law which are to be construed in determining the controversy are to be found in the last customs duties act, passed March 3, 1883, 22 Stat. 488, c. 121, as a substitute for Title XXXIII of the Revised Statutes. Among the various schedules attached to this act, classifying the articles subject to, or free from, import duties, is one entitled "Provisions," in which are enumerated, amongst other things, beef and pork, cheese, butter, lard, wheat, rye, barley, indian corn, oats, meal, flour, potato or corn starch, rice, hay, different kinds of fish, pickles, potatoes; *vegetables* in their natural state, or in salt or brine, not specifically enumerated or provided for in this act, vegetables prepared or preserved, currants, dates, fruits of various kinds, almonds, walnuts, peanuts, etc. Beans are not mentioned specifically in this list. If they are properly

classed under the term "vegetables in their natural state," they are subject to a duty of ten per cent, as contended for by the government.

Under the head of "Free List — Sundries," we find amongst a great number of other miscellaneous articles, the following: "Plants, trees, shrubs, and vines of all kinds not otherwise provided for, and *seeds of all kinds,* except medicinal seeds, not specially enumerated or provided for in this act." If the white beans imported by the plaintiffs are properly to be classified as "seeds," then they are free from all duty, as claimed by the plaintiffs.

Schedule N, entitled "Sundries," contains a list of miscellaneous articles, (many of them articles of manufacture), subject to various rates of duty. The following is one of the items of this schedule: "Garden seeds, except seed of the sugar beet, 20 per cent *ad valorem.*" If white beans are to be classed as "garden seeds" then the original decision of the collector was right. This decision, however, has been abandoned, and we think very properly. Although beans are often planted in gardens as seed, yet, as a product, and a commodity in the market, they are not generally denominated as "garden seeds," any more than potatoes, which are also sometimes planted as seed in gardens. The same consideration also applies in regard to the use of the more general term "seeds." We do not see why they should be classified as seeds any more than walnuts should be so classified. Both are seeds in the language of botany or natural history, but not in commerce nor in common parlance.

On the other hand, in speaking generally of provisions, beans may well be included under the term "vegetables." As an article of food on our tables, whether baked or boiled, or forming the basis of soup, they are used as a vegetable, as well when ripe as when green. This is the principal use to which they are put. Beyond the common knowledge which we have on this subject, very little evidence is necessary, or can be produced. But on the trial, the parties deemed it important to introduce a great deal of testimony. The court, however, did not allow the defendant to prove the common

designation of beans as an article of food. It was shown by
the evidence that beans are generally sold and dealt in, under
the simple designation of "beans;" but that does not solve
the question as between the rival designations of "seeds" and
"vegetables." The common designation as used in every-day
life, when beans are used as food, (which is the great purpose
of their production,) would have been very proper to be shown
in the absence of further light from commercial usage. We
think that the evidence on this point ought to have been
admitted. In addition to this, the court told the jury that
"the commercial designation of the article, or what the article
is called in trade and commerce, or the name bean, has nothing
to do with the question." We think the court erred in this
instruction. The commercial designation, as we have fre-
quently decided, is the first and most important designation
to be ascertained in settling the meaning and application of
the tariff laws. See *Arthur* v. *Lahey,* 96 U. S. 112, 118;
*Barber* v. *Schell,* 107 U. S. 617, 623; *Worthington* v. *Abbott,*
124 U. S. 434, 436; *Arthur's Executors* v. *Butterfield,* 125 U. S.
70, 75. But if the commercial designation fails to give an
article its proper place in the classifications of the law, then
resort must necessarily be had to the common designation.
We think, therefore, that the court erred both in its charge
and in the exclusion of the evidence offered; especially as,
without any evidence, and with the common knowledge which
we all possess, the court might almost have been justified in
directing a verdict for the defendant.

We have not adverted to a clause of the customs act in
which beans are specifically named, because we do not think
it applies to the case. We refer to that clause of the free list
which enumerates "drugs, barks, *beans,* berries, etc., any of
the foregoing of which are not edible and are in a crude state."
As this clause refers to articles "not edible," it cannot include
beans of the character now under consideration.

Nor have we thought it necessary to refer particularly to
the case of *Ferry* v. *Livingston,* 115 U. S. 542, in which the
clauses of the law respecting "garden seeds" in Schedule N,
and "seeds of all kinds" in the free list are elaborately dis-

cussed and commented on. There the question was between "garden seeds" and "field seeds," and the decision depended on the particular circumstances of the case. The opinion concludes with this declaration : "As this case rests for decision on the facts found, it is not possible for this court to lay down any general rules which will apply to cases differing in their facts from this case." We regard our present decision as in harmony with the decision in that case; and only refer to it for the purpose of disclaiming any intention to dissent from it.

*The judgment of the Circuit Court is reversed, and the cause remanded with instructions to order a new trial.*