# NIX *v.* HEDDEN.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

No. 137. Submitted April 24, 1893. — Decided May 10, 1893.

The court takes judicial notice of the ordinary meaning of all words in our tongue; and dictionaries are admitted, not as evidence, but only as aids to the memory and understanding of the court.

Tomatoes are "vegetables" and not "fruit," within the meaning of the Tariff Act of March 3, 1883, c. 121.

THIS was an action, brought February 4, 1887, against the collector of the port of New York, to recover back duties, paid under protest, on tomatoes imported by the plaintiff from the West Indies in the spring of 1886, which the collector assessed under " Schedule G. — Provisions," of the Tariff Act of March 3, 1883, c. 121, imposing a duty on " Vegetables, in their natural state, or in salt or brine, not specially enumerated or provided for in this act, ten per centum *ad valorem*"; and which the plaintiffs contended came within the clause in the free list of the same act, "Fruits, green, ripe or dried, not specially enumerated or provided for in this act." 22 Stat. 504, 519.

At the trial, the plaintiff's counsel, after reading in evidence definitions of the words " fruit " and " vegetables " from Webster's Dictionary, Worcester's Dictionary and the Imperial Dictionary, called two witnesses, who had been for thirty years in the business of selling fruit and vegetables, and asked them, after hearing these definitions, to say whether these words had " any special meaning in trade or commerce, different from those read."

One of the witnesses answered as follows: " Well, it does not classify all things there, but they are correct as far as they go. It does not take all kinds of fruit or vegetables; it takes a portion of them. I think the words 'fruit' and 'vegetable' have the same meaning in trade to-day that they had on March 1, 1883. I understand that the term 'fruit' is applied in trade only to such plants or parts of plants as contain the seeds. There are more vegetables than those in the enumeration given in Webster's Dictionary under the term 'vegetable,' as 'cabbage, cauliflower, turnips, potatoes, peas, beans, and the like,' probably covered by the words 'and the like.'"

The other witness testified: "I don't think the term 'fruit' or the term 'vegetables' had, in March, 1883, and prior thereto, any special meaning in trade and commerce in this country, different from that which I have read here from the dictionaries."

The plaintiff's counsel then read in evidence from the same dictionaries the definitions of the word "tomato."

The defendant's counsel then read in evidence from Webster's Dictionary the definitions of the words "pea," "egg plant," "cucumber," "squash" and "pepper."

The plaintiff then read in evidence from Webster's and Worcester's dictionaries the definitions of "potato," "turnip," "parsnip," "cauliflower," "cabbage," "carrot" and "bean."

No other evidence was offered by either party. The court, upon the defendant's motion, directed a verdict for him, which was returned, and judgment rendered thereon. 39 Fed. Rep. 109. The plaintiffs duly excepted to the instruction, and sued out this writ of error.

*Mr. Edwin B. Smith* for plaintiff in error.

*Mr. Assistant Attorney General Maury* for defendant in error.

MR. JUSTICE GRAY, after stating the case, delivered the opinion of the court.

The single question in this case is whether tomatoes, considered as provisions, are to be classed as "vegetables" or as "fruit," within the meaning of the Tariff Act of 1883.

The only witnesses called at the trial testified that neither "vegetables" nor "fruit" had any special meaning in trade or commerce, different from that given in the dictionaries; and that they had the same meaning in trade to-day that they had in March, 1883.

The passages cited from the dictionaries define the word "fruit" as the seed of plants, or that part of plants which contains the seed, and especially the juicy, pulpy products of certain plants, covering and containing the seed. These definitions have no tendency to show that tomatoes are "fruit," as distinguished from "vegetables," in common speech, or within the meaning of the Tariff Act.

There being no evidence that the words "fruit" and "vegetables" have acquired any special meaning in trade or commerce, they must receive their ordinary meaning. Of that

meaning the court is bound to take judicial notice, as it does in regard to all words in our own tongue ; and upon such a question dictionaries are admitted, not as evidence, but only as aids to the memory and understanding of the court. *Brown* v. *Piper*, 91 U. S. 37, 42; *Jones* v. *United States*, 137 U. S. 202, 216 ; *Nelson* v. *Cushing*, 2 Cush. 519, 532, 533; *Page* v. *Fawcet*, 1 Leon. 242 ; Taylor on Evidence, (8th ed.) §§ 16, 21.

Botanically speaking, tomatoes are the fruit of a vine, just as are cucumbers, squashes, beans and peas. But in the common language of the people, whether sellers or consumers of provisions, all these are vegetables, which are grown in kitchen gardens, and which, whether eaten cooked or raw, are, like potatoes, carrots, parsnips, turnips, beets, cauliflower, cabbage, celery and lettuce, usually served at dinner in, with or after the soup, fish or meats which constitute the principal part of the repast, and not, like fruits generally, as dessert.

The attempt to class tomatoes with fruit is not unlike a recent attempt to class beans as seeds, of which Mr. Justice Bradley, speaking for this court, said : " We do not see why they should be classified as seeds, any more than walnuts should be so classified. Both are seeds in the language of botany or natural history, but not in commerce nor in common parlance. On the other hand, in speaking generally of provisions, beans may well be included under the term ' vegetables.' As an article of food on our tables, whether baked or boiled, or forming the basis of soup, they are used as a vegetable, as well when ripe as when green. This is the principal use to which they are put. Beyond the common knowledge which we have on this subject, very little evidence is necessary, or can be produced." *Robertson* v. *Salomon*, 130 U. S. 412, 414.

*Judgment affirmed.*