## NORDLINGER v. UNITED STATES.

## McELROY v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. January 6, 1904.)

### Nos. 2,926, 2,875.

**1. CUSTOMS DUTIES—CLASSIFICATION—CANARY SEED—GRASS SEED.**

Canary seed, which is botanically a grass seed, but is used principally as a bird seed, and which is not known commercially as grass seed, is not free of duty under the provision in Tariff Act July 24, 1897, c. 11, § 2, Free List, par. 656, 30 Stat. 201 [U. S. Comp. St. 1901, p. 1687], for "grass seeds * * * not specially provided for," but is dutiable under Tariff Act July 24, 1897, c. 11, § 1, Schedule G, par. 254, 30 Stat. 171 [U. S. Comp. St. 1901, p. 1650], covering "seeds of all kinds not specially enumerated."

Appeals from the Circuit Court of the United States for the Southern District of New York.

These causes come here upon appeal to review the decision of the Circuit Court, Southern District of New York, in United States v. Nord-

linger, 119 Fed. 478, which reversed a decision of the Board of General Appraisers (G. A. 4,328—T. D. 20,517), reversing the assessment of duty on certain seeds by the collector of the port of New York. The importations were made under the tariff act of 1897.

Alexander P. Ketchum, for appellants.

Henry C. Platt, Asst. U. S. Atty.

Before WALLACE, LACOMBE, and COXE, Circuit Judges.

LACOMBE, Circuit Judge. The merchandise in question consists of the seeds of a grass called phalaris, and is sold for food for birds. It is cultivated for the seeds. The straw is very short, and of but little value. It is botanically a grass in the same sense in which wheat, oats, and other seeds are grasses. The principal use, as the board finds, is that of its grain as bird food. There is no evidence in the record that it is ever used for any other purpose. It is the well-known canary seed. The collector classified it for duty under Tariff Act July 24, 1897, c. 11, § 1 Schedule G, 30 Stat. 171 [U. S. Comp. St. 1901, p. 1650], par. 254, which reads:

"254. Seeds: Castor beans or seeds, twenty-five cents per bushel of fifty pounds; flaxseed or linseed and other oil seeds not specially provided for in this act, twenty-five cents per bushel of fifty-six pounds; poppy seed, fifteen cents per bushel; * * * seeds of all kinds not specially enumerated in this act, thirty per centum ad valorem."

The importer claimed that it was free under Tariff Act July 24, 1897, c. 11, § 2, Free List, par. 656, 30 Stat. 201 [U. S. Comp. St. 1901, p. 1687], which reads:

"656. Anise, caraway, cardamom, cauliflower, coriander, cotton, cummin, fennel, fenugreek, hemp, hoarhound, mangel-wurzel, mustard, rape, St. John's bread or bean, sugar beet, sorghum or sugar cane for seed; bulbs and bulbous roots, not edible and not otherwise provided for; all flower and grass seeds; all the foregoing not specially provided for in this act."

The course of legislation is illuminative of the intent of Congress.

In 1883 flaxseed and linseed; hemp seed, rape seed, and other oil seeds of like character; seeds aromatic and seeds of morbid growth; and garden seeds (except seed of the sugar beet)—were specifically provided for in the schedules imposing duties (Tariff Act March 3, 1883, pars. 94, 452, 466, 636, 22 Stat. 488), and the free list enumerated "seeds of all kinds, except medicinal seeds not specially enumerated or provided for in this act" (paragraph 760). Under that act canary seed was free under paragraph 760. In 1890 the paragraph in the free list was changed so as to read:

"699. Seeds: Anise, canary, caraway, cardamon, coriander, cotton, cummin, fennel, fenugreek, hemp, hoarhound, mustard, rape, St. John's bread or bene, sugar-beet, mangel-wurzel, sorghum or sugar cane for seed, and all flower and grass seeds; bulbs and bulbous roots, not edible; all of the foregoing not specially provided for in this act."

It would seem that Congress understood that canary seed was not commercially a grass seed; otherwise it would not have named it in this section, since it would be covered by the phrase "all grass seeds."

The free list paragraph of the act of 1894 (paragraph 611) is the same as the one last quoted, except that the word "croton" is inserted after

"cotton." In 1897 this paragraph was amended merely by omitting· the word "croton," by inserting the word "cauliflower" after "cardamon," and by striking out the word "canary." The natural interpreta-: tion of the change would be that Congress intended to eliminate canary· seed from this paragraph, leaving it to be found in whatever other paragraph might appropriately cover it.

The theory of the importer is that Congress by the change sought merely to simplify the pragraph by eliminating the enumeration of an article which is botanically a grass seed. Such was the conclusion of the Board of General Appraisers, as appears from their opinion:

> "The reason advanced for the omission of the word 'canary' might be persuasive of the intent of Congress but for one fact and the natural deduction from it. By reference to Paxton's Botanical Dictionary we find that canary seed is the only grass seed named in the paragraph, and there are no flower seeds enumerated in the list. The beet, for instance, is a vegetable, cotton is a shrub, and cardamon is an herb. It would seem that the omission of the word 'canary' was for the purpose of correcting a redundancy, and we adopt this inference."

The difficulty with this argument is that it assumes that Congress used the word "grass seeds" in their scientific botanical sense, without regard to their commonly received and popular meaning. In Nix v. Hedden, 149 U. S. 304, 13 Sup. Ct. 881, 37 L. Ed. 745, the question was whether tomatoes were to be classed as "vegetables" or as "fruit," within the meaning of the tariff act of 1883. The court said:

> "The passages cited from the dictionaries define the word 'fruit' as the seed of plants, or that part of plants which contains the seed, and especially the' juicy pulpy products of certain plants, covering and containing the seed. These definitions have no tendency to show that tomatoes are 'fruit' as distinguished from 'vegetables' in common speech, or within the meaning of the tariff act. * * * Botanically speaking, tomatoes are the fruit of a vine, just as are cucumbers, squashes, beans, and peas. But in the common language of the people, whether sellers or consumers of provisions, all these are vegetables."

And the court cites Robertson v. Salomon, 130 U. S. 412, 9 Sup. Ct. 559, 32 L. Ed. 995, in which case, of an attempt to class beans as seeds, it was said:

> "We do not see why they should be classified as seeds any more than walnuts should be so classified. Both are seeds in the language of botany or natural history, but not in commerce nor in common parlance. On the other hand, in speaking generally of provisions, beans may well be included under the term 'vegetables.' * * * This is the principal use to which they are put. Beyond the common knowledge which we have on this subject very little, evidence is necessary or can be produced."

Upon the appeal to the Circuit Court the government introduced the testimony of five apparently disinterested witnesses, dealers in grass and flower seeds, and to a limited extent in canary seed, who testified that canary seed is known not as a grass seed, but as a bird seed. The appellant criticizes their testimony on the ground that their experience in wholesale dealings had not been sufficiently comprehensive; but it should be borne in mind that they were not called to establish for the: words a meaning peculiar to trade and commerce and different from· that given to them in common everyday speech. It is common knowl-, edge that canary seed is a bird seed, and in· common speech it is so'

understood. The testimony of the dealers showed that they had the same understanding, and there is certainly no evidence in the record to show that there is some peculiar trade classification of it different therefrom.

The decision of the Circuit Court is affirmed.