VON BREMEN, MacMONNIES & CO. v. UNITED STATES.

MOUQUIN WINE & RESTAURANT CO. v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. January 12, 1909.)

Nos. 124, 125 (4,763, 4,764).

1. CUSTOMS DUTIES (§ 44*)—CLASSIFICATION—TRUFFLES—SIMILITUDE TO MUSH-ROOMS—"MUSHROOMS IN TINS."

Truffles in tins are dutiable as "mushrooms in tins," by similitude, under Tariff Act July 24, 1897, c. 11, § 1, Schedule G, par. 241, 30 Stat. 170 (U. S. Comp. St. 1901, p. 1649).

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 44.*]

2. CUSTOMS DUTIES (§ 30*)—"VEGETABLES"—TRUFFLES.

In Tariff Act July 24, 1897, c. 11, § 1, Schedule G, par. 241, 30 Stat. 170 (U. S. Comp. St. 1901, p. 1649), the term "vegetables" is used in accord-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ance with the ordinary understanding, vegetables usually served at dinner, which does not include truffles, which are used only as a condiment in cooking.

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 30.*

For other definitions, see Words and Phrases, vol. 8, p. 7284.]

3. Statutes (§ 225¾*) — Construction — Legislative Adoption of Judicial Construction—"Vegetables."

A Circuit Court held that truffles were "vegetables," though the Supreme Court had previously given that term a meaning that excluded truffles. *Held* that, in the subsequent re-enactment of the provision for "vegetables" in Tariff Act July 24, 1897, c. 11, § 1, Schedule G, par. 241, 30 Stat. 170 (U. S. Comp. St. 1901, p. 1649), the term must be presumed to have been used in accordance with the Supreme Court definition.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 306; Dec. Dig. § 225¾.*]

Appeals from the Circuit Court of the United States for the Southern District of New York.

The decision below affirmed a decision by the Board of United States General Appraisers, which had affirmed the assessment of duty by the collector of customs at the port of New York.

The opinion of the Circuit Court reads as follows:

HAZEL, District Judge. The merchandise, consisting of truffles (a fungus growth) preserved in tin packages, as assessed for duty at 40 per centum ad valorem under paragraph 241 of the tariff act of 1897 (Act July 24, 1897, c. 11, § 1, Schedule G, 30 Stat. 170 [U. S. Comp. St. 1901, p. 1649]), "as vegetables prepared or preserved, not specially provided for in this act." The importers urge that the same should be dutiable by similitude as mushrooms under the same paragraph at 2½ cents per pound; that truffles are not in fact vegetables, and according to eight witnesses they have never been so regarded in a trade sense.

That the growth properly belongs to the vegetable kingdom is not denied, but the argument is that as truffles have no root or stem, and grow underground without cultivation, they are not "vegetables," as that term has been defined in Nix v. Hedden, 149 U. S. 304, 13 Sup. Ct. 881, 37 L. Ed. 745, and Robertson v. Salomon, 130 U. S. 412, 9 Sup. Ct. 559, 32 L. Ed. 995. It is true that truffles are of fungus growth. They are not grown in kitchen gardens, and are almost wholly used as a condiment; but it can hardly be denied that they have some of the characteristics of a plant, and therefore come within the broad understanding of the term "vegetables." Not being elsewhere in the tariff act specially provided for, I think the classification was correct. If the question were submitted to me as an original one, I am inclined to think that I would decide that the commodity is more fairly dutiable by similitude as mushrooms in tins than as a vegetable prepared or preserved; but this court is persuaded by the decision of Judge Wheeler, rendered in 1894 in Park v. United States (C. C.) 61 Fed. 398, where he decided that truffles are a kind of vegetable and commercially come within the category of vegetables of all kinds prepared or preserved.

To follow the rule laid down in that case would seem to be fully justified, in view of the fact that Congress by the enactment of the present tariff act reincorporated in paragraph 241 the same phraseology contained in the earlier provision. In so doing it is presumed to have known of the decision in the Park Case, and to have adopted the construction given by the court to the term "vegetables of all kinds," etc. This rule of judicial construction is supported by an abundance of authorities. Robertson v. Downing, 127 U. S. 607, 8 Sup. Ct. 1328, 32 L. Ed. 269; Sessions v. Romadka, 145 U. S. 42, 12 Sup. Ct. 799, 36 L. Ed. 609; Spencer v. Phila. Smelting & Refining Co. (C. C.) 124 Fed. 1002. Concededly the importer is entitled to have a decision in his favor where there is uncertainty or ambiguity regarding the proper construction of

tariff acts; but in this case there is not present in the mind of the court such doubt as to warrant the application of a different rule than that above stated.

The decision of the Board of General Appraisers is affirmed.

Under a stipulation of the parties this decision includes the case of Mouquin Restaurant Company v. United States, which relates to a similar importation and contention by the importer.

Comstock & Washburn (J. Stuart Tompkins, of counsel), for appellants.

D. Frank Lloyd, Asst. U. S. Atty.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

WARD, Circuit Judge. The articles in question are truffles put up in tin packages. They were assessed as vegetables prepared or preserved, not specially provided for, under paragraph 241 (Act July 24, 1897, c. 11, § 1, Schedule G, 30 Stat. 170 [U. S. Comp. St. 1901, p. 1649]), whereas the importers claim they should have been assessed under the same paragraph by similitude as mushrooms prepared or preserved in tins:

"Beans, pease, and mushrooms, prepared or preserved, in tins, jars, bottles, or similar packages, two and one-half cents per pound, including the weight of all tins, jars, and other immediate coverings; all vegetables, prepared or preserved, including pickles and sauces of all kinds, not specially provided for in this act, and fish paste or sauce, forty per centum ad valorem."

The judge of the Circuit Court sustained the government's classification.

The Supreme Court held in Robertson v. Salomon, 130 U. S. 412, 9 Sup. Ct. 559, 32 L. Ed. 995, and in Nix v. Hedden, 149 U. S. 304, 13 Sup. Ct. 881, 37 L. Ed. 745, that the word "vegetables" in the tariff acts must be given its ordinary rather than its botanical meaning. Therefore beans, which are seeds botanically, and tomatoes, which are fruits, were classed in accordance with the ordinary understanding as vegetables, usually served at dinner. Though truffles belong to the vegetable kingdom, they are used solely as a condiment in cooking and never separately served as a table dish, and are not included in the trade or in ordinary usage among vegetables. Therefore, not being specially provided for, they must be assessed by similitude, and we think that, so assessed, they are to be regarded as imported mushrooms, prepared or preserved in tins, they being solely used for flavoring purposes.

So the board thought and so did the judge of the Circuit Court, but he affirmed their decision solely because of the case of Park v. United States (C. C.) 61 Fed. 398, decided under the act of 1890 (Act Oct. 1, 1890, c. 1244, § 1, Schedule G, par. 287, 26 Stat. 586). This was in deference to the principle that, when words of an earlier statute which have been judicially considered are carried into a later statute, they must be taken to carry with them the judicial construction they have received. This consideration has given us pause; but we think that in the act of 1897 Congress must be taken to have used the word "vegetables" in accordance with the previous definition given by the Supreme Court in the cases cited supra, and if the definition of "truf-

fles" in the Park Case comes into collision with them it must yield. It expresses neither the trade nor the common understanding, and we think should be subordinated to the unambiguous meaning of the word "vegetables" as determined by the prior decisions of the Supreme Court.

Judgment reversed.