## UNITED STATES *v.* SHING SHUN & Co. (No. 699).[1]

PEELED MELON SEED USED AS FOOD.

Melon seed which have been reduced in size by peeling, that have been roasted and salted for food, their germinating quality disappearing in these processes, are not to be deemed vegetables proper or as unmanufactured, but come within the category of manufactured articles and are dutiable as a nonenumerated manufacture under paragraph 480, tariff act of 1909.—United States *v.* Kauffman (84·Fed. Rep., 446).

### United States Court of Customs Appeals, December 19, 1911.

APPEAL from Board of United States General Appraisers, Abstract 25572 (T. D. 31589).

[Reversed.]

*Wm. L. Wemple,* Assistant Attorney General (*Wm. K. Payne,* Deputy Assistant Attorney General, on the brief), for the United States.

*Joseph G. Kammerlohr* and *John Giblon Duffy* for appellees.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

DE VRIES, Judge, delivered the opinion of the court:

This importation was peeled melon seeds. We are here called upon to decide whether such merchandise may be properly classified as a "vegetable, cut, sliced, or otherwise reduced in size," or "a vegetable, parched or roasted, or prepared in any way"; or, whether it is an unenumerated manufactured or unmanufactured article. The Board of General Appraisers held it dutiable as a nonenumerated unmanufactured article, and this is an appeal from that decision.

The facts in the case are exceedingly meager. There is no brief for the respondent, appellee. The testimony in the record, when read in conjunction with the return of the appraising officer at the port of San Francisco, whereat the merchandise was imported, shows that the merchandise consisted of watermelon seeds, the hulls of which have been peeled off, and the seeds have, therefore, been reduced in size.

The protestant alleges in his protest, however, that the merchandise consists of "watermelon seed meats salted and roasted, which are eaten by the Chinese as a relish and are not suitable for planting, as they will not germinate." While this is not testimony in the case, it may be taken in the nature of an admission against interest, where it is such, and be so considered by the court.

The fact that they are prepared for and eaten as a relish would seem to put them beyond the category of vegetables as that term is used in customs acts. They are cut, shelled, and dried, and are also parched or roasted; but they are not "vegetables" so treated, but "seeds" so cut, roasted, etc., an entirely distinct tariff entity. Paragraphs 252 and 266, act of 1909. They are at most the seed of a vegetable so far as derivation is concerned. Robertson *v.* Salomon (130 U. S., 412); Nix *v.* Hedden (149 U. S., 304).

---

We are impressed with the reasoning of the United States Circuit Court of Appeals for the Second Circuit in the case of United States *v.* Kauffman (84 Fed. Rep., 446), and that the words of the court there adopted are applicable here and in principle decisive of this case. The subject under consideration was hulled millet seeds. The question was whether they were dutiable as "seeds" or a manufactured article. The court said:

.The merchandise is millet pulp from which the hull has been removed, and therefore it will not germinate and can not be used for agricultural purposes. It has been destroyed as a "seed," according to the common understanding of the word or according to the meaning given to it by lexicographers, and has been removed by the removal of the hull to a different condition and to be used for different purposes. It is used largely, especially by persons of German birth, for food, as oatmeal is used, and it is also used for food for birds. Millet seed not hulled is not used for human food.

Based upon the facts as they appear and must be taken in this record, we think a melon seed which has been peeled, and thereby reduced in size, and roasted, whereby its germinating power has been destroyed, if it had not already been destroyed by the peeling, and salted, whereby it is prepared for immediate use as a food and so eaten, is clearly within the category of manufactured articles, and that this merchandise is, therefore, properly dutiable as a nonenumerated manufactured article.

The decision of the Board of General Appraisers is *reversed*.