UNITED STATES *v.* WALLACE *et al.* (No. 1086).[1]

HORSE-RADISH ROOTS NOT VEGETABLES.

A review of the decisions shows that the word "vegetables" has not been employed in tariff acts in a strictly botanical sense, but rather has been applied to vegetables commonly used as food. Horse-radish is botanically a vegetable. Its use, however, is not as a food, but as a condiment. It is free of duty under paragraph 630, tariff act of 1909, as a vegetable substance, unmanufactured, not otherwise specially provided for.

## United States Court of Customs Appeals, May 6, 1913.

APPEAL from Board of United States General Appraisers, Abstract 30673 (T. D. 32997) and Abstract 30988 (T. D. 33055).

[Affirmed.]

*William L. Wemple,* Assistant Attorney General (*Charles Duane Baker,* special attorney, on the brief), for the United States.

*Comstock & Washburn* for appellees.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MARTIN, Judge, delivered the opinion of the court:

This appeal relates to certain entries of crude horse-radish roots which were imported in their natural state. They were returned by the appraiser as vegetables in their natural state, not specially provided for, and accordingly were assessed with duty at the rate of 25 per cent ad valorem under paragraph 269 of the tariff act of 1909.

The importers protested against this assessment, claiming that the merchandise was entitled to free entry as a vegetable substance, unmanufactured, under paragraph 630 of the same act.

This protest was sustained by the Board of General Appraisers, and the Government now appeals from that decision.

The following is a copy of the two competing paragraphs:

269. Vegetables in their natural state, not specially provided for in this section, twenty-five per centum ad valorem.

(Free list.) 630. Moss, seaweeds, and vegetable substances, crude or unmanufactured, not otherwise specially provided for in this section.

The word "vegetables" has been defined in numerous decisions of the courts, and these definitions indicate the proper decision of the present case.

The case of Robertson *v.* Salomon (130 U. S., 412) raised the issue whether white beans were classifiable as vegetables in their natural state or as seeds not specially provided for under the tariff act of 1883. In the course of the opinion delivered in that case, Bradley, Judge, speaking for the court, said:

On the other hand, in speaking generally of provisions, beans may well be included under the term "vegetables." As an article of food on our tables, whether baked or boiled, or forming the basis of soup, they are used as a vegetable, as well when ripe as when green. This is the common use to which they are put. Beyond the common knowledge which we have on this subject, very little evidence is necessary or can be produced.

---

[1] Reported in T. D. 33413 (24 Treas. Dec., 696).

Accordingly the court held in the foregoing case that white beans were vegetables within the tariff meaning of that term, although botanically speaking they were also seeds.

In the case of Nix *v.* Hedden (149 U. S., 304), the Supreme Court passed upon the question whether tomatoes were vegetables in their natural state or were fruits not specially provided for. In the decision of the court Gray, Judge, said:

> Botanically speaking, tomatoes are the fruit of a vine, just as are cucumbers, squashes, beans, and pease. But in the common language of the people, whether sellers or consumers of provisions, all these are vegetables, which are grown in kitchen gardens, and which, whether eaten cooked or raw, are, like potatoes, carrots, parsnips, turnips, beets, cauliflower, cabbage, celery, and lettuce, usually served at dinner in, with, or after, the soup, fish, or meats which constitute the principal part of the repast, and not, like fruits generally, as dessert.

In the case of Von Bremen *v.* United States (168 Fed., 889), the Circuit Court of Appeals, Second Circuit, had before it the question whether, under the tariff act of 1897, truffles in tin packages were dutiable as vegetables prepared or preserved, not especially provided for, or were dutiable by similitude with mushrooms in tins. The court said, speaking by Ward, Judge:

> Though truffles belong to the vegetable kingdom, they are used solely as a condiment in cooking and never separately served as a table dish, and are not included in the trade or in ordinary usage among vegetables.

In the case of Pierce *v.* United States (1 Ct. Cust. Appls., 171; T. D. 31215), this court held that under the tariff act of 1897 capers were not classifiable as vegetables, but were dutiable as an unenumerated article. In the opinion De Vries, Judge, speaking for the court, said:

> This court, therefore, is of the opinion that capers, being a condiment used to flavor vegetables and meats rather than to be eaten as a vegetable, is not included within the provisions of paragraph 241 of the tariff act of 1897. It is not a vegetable, nor is it a vegetable pickle in the sense those words are used in the tariff act.

In the case of United States *v.* Shing Shun & Co. (2 Ct. Cust. Appls., 388; T. D. 32113), this court held that melon seed, which had been reduced in size by peeling and which had been roasted and salted for food, are not vegetables under the tariff act of 1909, but are within the provisions of the act for nonenumerated manufactured articles. De Vries, Judge, speaking for the court, said:

> The fact that they are prepared for and eaten as a relish would seem to put them beyond the category of vegetables, as that term is used in customs acts.

The foregoing decisions indicate that in the tariff acts the word "vegetables" has not been employed in a strictly botanical sense, but rather has been applied to those articles of food which constitute in common acceptation the vegetable part of a repast. These are such articles of food as commonly grow in kitchen gardens. This definition excludes horse-radish, because that article, while botani-

cally a vegetable, is not commonly given that name when it appears upon the dinner table, and in use is not a food at all, but only a condiment.

Therefore the court is of the opinion that the horse-radish roots in question are not vegetables within the purview of paragraph 269, above copied.

The question which next arises in the case is whether or not the importation is entitled to free entry as a vegetable substance, unmanufactured, under the provisions of paragraph 630 of the act.

The Government contends that the use of the words "vegetable substance" in paragraph 630, in conjunction with the provisions for moss and seaweed, implies that the classification in question was intended to include only such vegetable substances as are generically similar to moss and seaweed. It is claimed by the Government that moss and seaweed are never eaten either as food or condiments, and that this fact establishes a generical difference between those articles and horse-radish, since the latter article is almost exclusively used as a condiment.

The following quotations, however, contradict the premise upon which the foregoing argument of the Government rests:

Standard Dictionary:

*Moss, n.* * * * Ceylon moss, any one of various seaweeds of the rosetangle family, * * * forming an extensive article of trade and used for food and various other purposes.

Iceland moss, an edible lichen of the artic regions, which, after steeping several hours for the expulsion of a bitter principle, is made into a nutritious jelly and sometimes used medicinally for lung troubles.

\* \* \* \* \* \* \*

*Carrageen, n.* A small purplish-colored edible marine alga of rocky coasts; when bleached, the Irish moss of commerce.

New International Encyclopædia:

*Seaweed.* In a wide sense, any plant of the class algæ; in a more restricted sense, only plants of this class which live in the sea. The term is also applied to any plant growing in the sea. Several species are edible, the most important of these being Irish or carrageen moss, used as a cattle food and also in the preparation of jellies (blanc mange and similar dishes). Dulse, or dillesk, and kelp, or tangle, are also used to a limited extent as human food.

In fact it appears from the board's decision that certain kinds of seaweed have been imported into this country for human consumption; and that the board held such importations to be free of duty under the provisions for "moss, seaweeds, and vegetable substances." (T. D. 24151.) This point of resemblance of horse-radish roots with moss and seaweeds differentiates the present case from that of Dodge v. United States (84 Fed., 449), the importation in that case being crude camphor oil.

The provisions for vegetables in their natural state, and those for moss, seaweed, and vegetable substances, unmanufactured, which

severally appear in paragraphs 269 and 630 of the act of 1909, also appeared in the same form in the tariff revisions of 1890, 1894, and 1897. A number of board decisions interpreting and applying the provisions in question were reported, and it appears that under those acts many diverse articles were given free entry under the name of vegetable substances. Among these were cottonseed hulls, commonly used as food for cattle (T. D. 14705); mustard hulls, used as an ingredient in mustard and spice preparations (T. D. 14739); aromatic tonka-bean crystals (T. D. 14836); copra or dried coconut meat, from which the oil was to be pressed, the residuum to serve as cattle feed (T. D. 15417); oat chaff (T. D. 16228); pea hulls, intended to be mixed with screenings and used as cattle feed (T. D. 18020); pine cones (T. D. 20038); angelica stalks, intended to be candied and made into sweetmeats (T. D. 24917); gourd pith, to be used as a flesh brush (T. D. 24962).

It therefore appears that certain seaweeds are in fact edible and are so known in commerce. It also appears that such seaweeds and other edible vegetable substances, when imported under former tariff acts, were held by the board to be free under the provisions for "moss, seaweeds, and vegetable substances," and that those provisions were repeated in the same terms in successive tariff revisions.

Upon these facts the court is of the opinion that horse-radish roots also are within the classification in question and are entitled to free entry by its terms. The decision of the board to that effect is therefore *affirmed.*