AUSTIN, NICHOLS & Co. *v.* UNITED STATES (No. 1095).[1]

1. EVIDENCE IMPROPERLY EXCLUDED.

The merchandise was canned red peppers. It is competent to prove what are vegetables by trade testimony, and in the absence of such, to prove the common understanding of that term; and it was error to exclude testimony offered for tha purpose. Robertson *v.* Salomon (130 U. S., 412). It was error, too, to exclude as to this point evidence contained in wholesale trade catalogues.

2. STATEMENT OF WHAT IT IS EXPECTED TO PROVE.

In this case the witnesses were upon the stand and the offer to state what they would testify to followed questions addressed to the witnesses seeking to elicit this information. It was error to sustain an objection.—Scotland County *v.* Hill (112 U. S., 183).

United States Court of Customs Appeals, May 29, 1913.

APPEAL from Board of United States General Appraisers, Abstract 30800 (T. D. 33031).

[Reversed.]

*Comstock & Washburn* (*John A. Kratz, jr.*, of counsel), for appellants.
*William L. Wemple*, Assistant Attorney General (*Charles E. McNabb*, assistant attorney, of counsel), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

DE VRIES, Judge, delivered the opinion of the court:

This issue is determinable upon questions of evidence and the admissibility thereof. The importation was one of sweet red peppers,

---

[1] Reported in T. D. 33519 (24 Treas. Dec., 966).

known as pimientoes in tit.s. They were classified for dutiable purposes by the collector at the port of New York as "vegetables, prepared" under the provisions of paragraph 252 of the tariff act of 1909, which, in so far as pertinent, reads:

252. Vegetables * * * prepared in any way; * * *.

The protestants deny that the articles are vegetables prepared in any way, and claim them properly dutiable among other things as nonenumerated unmanufactured articles.

Preliminarily, it should be observed that in Nix v. Hedden (149 U. S., 304); Robertson v. Salomon (130 U. S., 412); Microutsicos v. United States (2 Ct. Cust. Appls., 342; T. D. 32078); Pierce v. United States (1 Ct. Cust. Appls., 171; T. D. 31215); United States v. Shing Shun & Co. (2 Ct. Cust. Appls., 388; T. D. 32113); Lang v. United States (4 Ct. Cust. Appls., 129; T. D. 33394), and numerous other cases, it has been held that what constitutes a vegetable or a vegetable prepared, as those terms are used in said paragraph 252 and tariff acts generally, was determined by the use of the articles, whether served with and to be eaten as a part of the meal, or as a condiment for flavoring, or as a relish or a similar purpose.

At the hearing before the Board of General Appraisers Mr. Seymour S. Mack, employed by Austin, Nichols & Co., New York, N. Y., doing a general wholesale grocery business throughout the United States, duly qualified as a witness. He testified that he had a knowledge of this class of and the particular importations, and that they were represented by samples 1 and 2. Counsel thereupon proceeded to interrogate him as follows:

By Mr. TOMPKINS. To what use or uses are the Spanish peppers like the Exhibits 1 and 2 put?—A. As far as I know, in this country, for garnishing purposes.

\* \* \* \* \* \* \*

Q. What are the vegetables that you handle?—A. Pease, string beans, lima beans, carrots, spinnach. Probably more than that; I do not recall them at the moment.

Q. Are they listed under the head of vegetables, these various things?

Objected to as immaterial and incompetent.

Objection sustained; exception.

Mr. TOMPKINS. I offer to prove that——

Mr. ROBERTSON. I think this is not a case where counsel's question does not perfectly reveal what he intends to prove. I object to the offer going on record.

Judge WAITE. I decline to allow your offer to go on record.

Mr. TOMPKINS. Exception. May I be allowed to state what the witness's answer would be if he were allowed to answer?

Judge WAITE. No.

Mr. TOMPKINS. Exception.

The testimony sought to be elicited by the excluded question was at least partial testimony as to the trade understanding of the term "vegetables," and was, subject to subsequent connection, admissible. Robertson v. Salomon, *supra*. We do not think that question neces-

sarily revealed *all* counsel intended to prove, as it was relevant that he prove not only trade understanding of that term, but also *of the imported article.* The latter purposes were in no way implied by the question asked. See citations *supra.*

Mr. Herman T. Asche, being called as a witness for the importers, duly qualified and stated that he was a member of the firm of Von Bremen, Asche & Co., New York City, importers of canned goods, who handled in wholesale quantities vegetables of various kinds, whereupon the following occurred:

By Mr. TOMPKINS. Please look at the Exhibits 1 and 2 and say whether or not you recognize those as any vegetable you deal in?

Objected to as immaterial and calling for a mere opinion.

Objection sustained; exception.

\*        \*        \*        \*        \*        \*        \*

By Mr. TOMPKINS: Please explain what is understood in your *trade* by the term "vegetables."

Objected to as immaterial, incompetent, and irrelevant, the term "vegetable" not being a commercial term, and also not the proper way of proving commercial designation.

Judge WAITE. I do not think it is the proper way of proving whether these are vegetables or not. Objection sustained; exception.

It is competent to prove what are vegetables by trade testimony, and in the absence of such, to prove the common understanding of that term. Robertson *v.* Salomon, *supra;* Nix *v.* Hedden, *supra.*

Q. In the course of your experience have you ever known Spanish peppers like the Exhibits 1 and 2 to be used like beets or beans or asparagus or pease or mushrooms as a food in the course of a meal?

Objected to on the same ground as before, and as vague and indefinite.

Judge WAITE. It does not seem it would tend to show these are not vegetables because they are not used like some other vegetables. Objection sustained; exception.

Mr. TOMPKINS. Do I understand your honor rules out my offer to state what the witness's answer would be?

Judge WAITE. I have ruled on the question that you asked.

Mr. TOMPKINS. Exception.

Q. Do you issue a trade catalogue?—A. We do.

Q. And in that trade catalogue do you classify, or in any catalogues which you have issued on and prior to August 5, 1909, in the wholesale trade, did you classify various articles under the head of vegetables?

Objected to as incompetent, irrelevant, and immaterial, assuming facts that have not been proven.

Objection sustained; exception.

Q. In the trade catalogues which you issued and which you have seen dated on and prior to August 5, 1909, have you ever seen peppers like the Exhibits 1 and 2 classed under the head of vegetables?

Same objection, ruling, and exception.

Q. Has it or has it not been the uniform practice in the wholesale grocery trade to classify peppers like the Exhibits 1 and 2 under a separate head independent of "vegetables"?

Objected to as incompetent, immaterial, and irrelevant, and on the ground that the witness has not shown himself competent to prove commercial designation, and not the proper way to prove commercial designation.

Objection sustained; exception.

Q. Do you know of any other use to which the merchandise like the Exhibits 1 and 2 are put than as garnishing or for decorative purposes, as you have mentioned?

Objected to as incompetent, immaterial, and irrelevant. Objection sustained; exception.

The above excerpts from the record show that the only testimony permitted to be introduced upon the use of the imported articles was to the effect that they were used for garnishing.

The assignments of error included three specifications: First, that the board erred in rejecting testimony going to the point of the commercial or trade understanding as to the use and classification of vegetables and the imported articles; second, that the board likewise erred in declining to admit in evidence testimony as to the classified vegetables in wholesale trade catalogues, and whether or not these articles were in wholesale trade catalogues included as vegetables; third, that the board erred in denying importers' counsel the right to state what he expected to prove by a witness then upon the stand, the board having already declined to permit such witness to answer questions asked by counsel which questions did not fully reveal the purposes of the proof intended by counsel.

1. It seems from the decisions of the Board of General Appraisers and the courts to have long been the established practice to admit into evidence wholesale-trade catalogues, issued on or prior to the enactment of the particular tariff act in question, of the wholesale-trade classification of various articles. It will suffice to say that a concise and accurate statement of the rules in such cases seems to have been announced by the United States Circuit Court for the Southern District of New York in Nordlinger v. United States (115 Fed., 828, 830). In that case it was stated:

It is true that many of the importer's witnesses are directly interested in the result of this litigation, but on the other hand their testimony is strongly corroborated by a large number of publications addressed to the wholesale trade in different sections of the country, from which it appears that Leghorn citron has uniformly and for many years been classed as a dried fruit. These publications were issued since the date of the act, but were made competent by the undisputed testimony that the classification began years prior to the act and has continued unchanged to the present day.

While this case was reversed upon appeal, it was so reversed upon questions of law, the conclusions of law of the appellate court being predicated upon the facts introduced into the record and established as stated by the lower court. See United States v. Nordlinger (121 Fed., 690).

In Taylor et al. v. Treat (153 Fed., 656, 657), Judge Hough, sitting in Circuit for the Southern District of New York, speaking to this question, wherein the issue was whether or not vermuth was a wine, stated:

In American commercial usage, as evidenced by trade circulars and advertisements, it is never classed with wines, and if with any other drinkables, with cordials and liquors; but usually it figures alone, as though sui generis.

And further, Judge Hough states:

Those opposing them too frequently limit their statement that vermuth is a wine to their personal opinion to render it possible for me to believe that they are testifying to any general customs of uniform usage. But a considerable majority of all the witnesses agree that they buy and sell, advertise, and drink, vermuth by that name alone. It is urged that this habit means no more than does the custom of alluding to sherry or port by those names without adding the word "wine"; but this argument does not meet the proven method (above alluded to) of advertising vermuth in circulars and newspapers.

Upon appeal this case was affirmed by the United States Circuit Court of Appeals for the Second Circuit upon the opinion of the lower court.

Trade catalogues are in their nature like market quotations and similar declarations upon which the trade is accustomed to act in commercial transactions.

The witness having testified that his firm issued trade catalogues, the first question in this case was addressed with reference to catalogues testified to have been issued by the witness's firm, and as to any, if so issued, prior to August 5, 1909, in the wholesale trade which classified vegetables. The question was evidently preliminary to the offer of the catalogues or testimony as to their contents and if such catalogues themselves when offered would be relevant this preliminary question as to such pertinent testimony was plainly admissible as partial testimony at least as to the catalogues proven to have been issued, subject to be stricken out if not later connected. This and the second similar question, however, probably were objectionable in the form put as each assumed facts not shown. Such catalogues are proper evidence to prove trade understanding when duly offered or their contents proven in evidence.

2. Whether or not it was permissible upon the part of the importers to prove that the word "vegetables" had in trade and commerce prior to August 5, 1909, a trade understanding, and whether or not peppers were so classified by the wholesale trade was plainly admissible. In Robertson *v.* Salomon (130 U. S., 412, 414) the United States Supreme Court said:

On the other hand, in speaking generally of provisions, beans may well be included under the term "vegetables." As an article of food on our tables, whether baked or boiled, or forming the basis of soup, they are used as a vegetable, as well when ripe as when green. This is the principal use to which they are put. Beyond the common knowledge which we have on this subject very little evidence is necessary or can be produced. But on the trial the parties deemed it important to introduce a great deal of testimony. The court, however, did not allow the efendant to prove the common designation of beans as an article of food. It was shown by the evidence that beans are generally sold and dealt in under the simple designation of "beans"; but that does not solve the question as between the rival designations of "seeds" and "vegetables." The common designation as used in everyday life, when beans are used as food (which is the great purpose of their production), would have been very

proper to be shown in the absence of further light from commercial usage. We think that the evidence on this point ought to have been admitted. In addition to this the court told the jury that "commercial designation of the article, or what the article is called in trade and commerce, or the name bean, has nothing to do with the question." We think the court erred in this instruction. The commercial designation, as we have frequently decided, is the first and most important designation to be ascertained in settling the meaning and application of the tariff laws. See Arthur v. Lahey (96 U. S., 112, 118); Barber v. Schell (107 U. S., 617, 623); Worthington v. Abbott (124 U. S., 434, 436); Arthur's Executors v. Butterfield (125 U. S., 70, 75).

We think, therefore, upon authority of that case, the board erred in excluding the testimony of the said witness in the particulars stated.

3. As to whether or not counsel has the right to state what he intends to prove depends upon the existing circumstances. In this case it will be noted that duly qualified witnesses were on the stand and had first been asked to state respectively the trade understanding of the word "vegetable," and of the uses to which vegetables or the particular importations were devoted. The board sustained the objections to these questions in instances of each and upon counsel for the importers then requesting to make a statement of what the witnesses would testify to if permitted was denied the right to so indicate in the record. The rule which denies the right to make such a statement is usually based upon the fact that it might influence the jury and is applicable and enforced more particularly in jury trials. The rule differs in various States, but in Federal practice seems to be well settled. In Scotland County v. Hill (112 U. S., 183, 186), it is stated:

It is claimed, however, that error can not be assigned here on the exception to the exclusion of the oral proof, because the record does not show that any witness was actually called to the stand to give the evidence, or that any one was present who could be called for that purpose, if the court had decided in favor of admitting it, and we are referred to the cases of Robinson v. State (1 Lea (Tenn.) 673) and Eschbach v. Hurtt (47 Md., 61, 66) in support of that proposition. Those cases do undoubtedly hold that error can not be assigned on such a ruling unless it appears that the offer was made in good faith, and this is in reality all they do decide. If the trial court has doubts about the good faith of an offer of testimony, it can insist on the production of the witness and upon some attempt to make the proof before it rejects the offer; but if it does reject it, and allows a bill of exceptions which shows that the offer was actually made and refused, and there is nothing else in the record to indicate bad faith, an appellate court must assume that the proof could have been made and govern itself accordingly.

In this case the witnesses were upon the stand and the offer to state what they would testify to followed questions, addressed the witnesses seeking to elicit this information, to which objections were sustained by the board. We think that this was error under the rule obtaining in Federal practice, in those instances at least, and there are such in this record, wherein neither the form nor substance of the question asked indicated the testimony counsel proposed introducing.

Confirmation of the fact that use of the particular importations was a material inquiry in this case is found in the Government's brief

in this court.    While the Board of General Appraisers ruled out testimony, holding it incompetent, as to the use of the imported articles, the Government counsel upon appeal in this court cites many scientific and lexicographic authorities as to the use of vegetables and sweet peppers, claiming this importation the latter.    At page 6 upon this point Government counsel concludes:

In view of these well-known uses the contention upon which appellants apparently rely that the peppers in suit are used only for garnishing dishes is entirely without merit.    It is likewise evident that the peppers are not used only as a relish or condiment.    The fact is that they have various uses, all for food purposes, and in their imported condition they are susceptible of any of such uses.    They are undoubtedly in a form adapted to their being stuffed or otherwise prepared for use as a substantial food.

It does not lie well within the contention of the Government in this case to assert, first, that the Board of General Appraisers was warranted in excluding testimony offered by the importers below as to uses of the imported merchandise and then seek to show uses contrary to their contention below and here by the citation of lexicographic and scientific authorities.    Upon this point the United States Circuit Court, Eighth Circuit, in Missouri, Kansas & Texas Railway Co. *v.* Elliott *et al.* (102 Fed., 96, 103), stated:

The rule is well settled that when the plaintiff offers and is ready to produce competent evidence to prove a material fact in issue, and the court erroneously rejects it on the objection of the defendant, the defendant will not afterwards be heard to say that the plaintiff failed to prove the fact which the rejected evidence would have established.    The defendant will not be allowed to take advantage of his own wrong, or the errors of the court induced on his own motion, and compel the plaintiff to suffer the consequences.    To allow him to do so would be a travesty on justice.    It would encourage unfounded, groundless, and captious objections to evidence, and reward sharp practice and chicanery.    The law of estoppel may be successfully invoked to prevent such results.    Bigelow, Estop. (5th ed.), 720; Thompson *v.* McKay (41 Cal., 221); Jobbins *v.* Gray (34 Ill., App. 208, 218, 219); Insurance Co. *v.* O'Connell (34 Ill. App., 357, 362); Elliott, App. Proc. (1892), sec. 630; Railway Co. *v.* Harris (27 U. S. App., 450, 457; 12 C. C. A., 598; 63 Fed., 800).

The court, however, in that case did not go so far as to hold that such a condition upon appeal made the offer to prove by the defendant below evidence.

For the reasons herein stated, the decision of the Board of General Appraisers should be, and is, *reversed* and a new trial ordered in accordance therewith.

---

### CONCURRING OPINION.

BARBER, Judge, specially concurring: As appears from the opinion of the court, a material issue was whether or not the importation was vegetables, and that evidence as to the commercial or trade understanding as to what are vegetables was relevant.

The importers asked questions of witnesses who seem to be competent to testify on the subject, and who would, if permitted to answer the same, it must be presumed in view of the record set forth in the main opinion, have given testimony relevant to that question. The evidence was excluded under objection, and exception and error predicated thereon is duly assigned here. In my opinion this was error requiring a reversal and for that reason alone I concur.