H. E. SCHWITTERS & SONS *v.* UNITED STATES (No. 4165)[1]

United States Court of Customs and Patent Appeals, December 27, 1938

*Puckhafer & Rode* (*John D. Rode* of counsel) for appellant.

*Webster J. Oliver*, Assistant Attorney General (*Charles D. Lawrence*, Special Assistant to the Attorney General, and *Richard E. FitzGibbon*, special attorney, of counsel), for the United States.

[Oral argument December 6, 1938, by Mr. Rode and Mr. Lawrence]

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges

LENROOT, Judge, delivered the opinion of the court:

This appeal brings before us for review a judgment of the United States Customs Court, Third Division, overruling appellant's protest against the classification by the collector at the port of New York and assessment with duty upon an importation from Cuba of okra in its natural state. The merchandise was classified by said collector under paragraph 774 of the Tariff Act of 1930. The protest claimed it to be free of duty under paragraph 1722 of said tariff act; other alternative claims were made in the protest, but they are not pressed here.

Said competing provisions of the tariff act read as follows:

PAR. 774. Vegetables in their natural state: * * * all other, not specially provided for, 50 per centum ad valorem * * *.

PAR. 1722. Moss, seaweeds, and vegetable substances, crude or unmanufactured. not specially provided for.

The case was originally submitted to the Customs Court upon a stipulation of fact which, so far as is here pertinent, reads as follows:

It is stipulated and agreed by and between counsel for the plaintiff and the Assistant Attorney General for the United States in the matter of the above entitled protest as follows:

1. That the merchandise assessed with duty at the rate of 50% *ad valorem*, less 20% *ad valorem* by virtue of the Treaty of Commercial Reciprocity concluded

[1] C. A. D. 29.

between the United States and the Republic of Cuba December 11, 1902, under the provisions of paragraph 774, Tariff Act of 1930, consists of okra.

2. That the said merchandise consists of the fruit or pod of the plant botanically known as hibiscus esculentus or Abelmoschus esculentus.

3. That the said fruit or pods are cut from the plant and imported in that condition.

4. That the said merchandise is in its natural condition.

5. That Exhibit 1 hereto attached may be received in evidence as a true sample of the merchandise the subject of this protest.

The Customs Court rendered a decision overruling said protest, but a rehearing was granted and a further stipulation of fact was entered into, which reads as follows:

It is stipulated and agreed by and between counsel for the plaintiff and the Assistant Attorney General for the United States in the matter of the above entitled protest that the statement quoted below found in United States Tariff Commission's Report to The President on Fresh Vegetables, Report No. 39, Second Series, is true and correct, and agree that the same be considered as evidence in the case at bar:

### Description and Uses

Okra, also known as gumbo, is a tropical plant. The edible portion consists of the fruit, or seed pod, which is gathered two or three times a week and used while green and tender. It is used chiefly in soups, but is also served as a vegetable. It is canned commercially on a very small scale, but is mostly marketed, in the fresh state.

It is further stipulated and agreed that the protest be deemed submitted on this stipulation.

Upon the case being again submitted, the Customs Court rendered a decision again overruling said protest and entered judgment accordingly; from such judgment this appeal was taken.

But one question is involved, viz, whether the imported merchandise is, in a tariff sense, a vegetable in its natural state and properly classified under paragraph 774, or is a crude or unmanufactured vegetable substance, free of duty under paragraph 1722.

It is appellant's contention that the merchandise is not a vegetable because, under the stipulation, it is chiefly used in soups, and that, in order for a substance to be classified as a vegetable, it must be such as is commonly used as the vegetable part of the meal.

Appellant's counsel cites a number of decisions of the Supreme Court and of this court. We quote from his brief as follows:

In the case of *Robertson* v. *Salomon*, 130 U. S. 412, 32 L. ed. 995 (1889), the Supreme Court of the United States passed upon the dutiable classification of white beans. The importer claimed they were dutiable as seeds and the Government claimed they were dutiable as vegetables. In remanding the cause for a new trial, the court said, *inter alia:*

On the other hand, in speaking generally of provisions, beans may well be included under the term "vegetables." As an article of food on our tables, whether baked or boiled, or forming the basis of soup, they are used as a vegetable, as well when ripe as when green.

In *Nix* v. *Hedden*, 149 U. S. 304, 37 L. ed. 745 (1893), the issue was whether tomatoes should pay duty as vegetables or as fruit. In holding that tomatoes were vegetables in the tariff sense, the Supreme Court stated as follows: .

Botanically speaking, tomatoes are the fruit of a vine, just as are cucumbers, squashes, beans, and peas. But in the common language of the people, whether sellers or consumers of provisions, all those are vegetables, which are grown in kitchen gardens, and which, whether eaten cooked or raw, are like potatoes, carrots, parsnips, turnips, beets, cauliflower, cabbage, celery, and lettuce, usually served at dinner in, with, or after the soup, fish, or meats which constitute the principal part of the repast, and not, like fruits generally, as dessert.

It will be observed that in both of these cases the court recognized that vegetables may form the basis of soup or be eaten in soup.

The case of *Von Bremen, McMonnies & Co.* v. *United States*, 168 Fed. 889, is also cited by counsel for appellant. The case involved the dutiable classification of truffles. The court stated:

The Supreme Court held in *Robertson* v. *Salomon*, 130 U. S. 412, 9 Sup. Ct. 559, 32 L. Ed. 995, and in *Nix* v. *Hedden*, 149 U. S. 304, 13 Sup. Ct. 881, 37 L. Ed. 745, that the word "vegetables" in the tariff acts must be given its ordinary rather than its botanical meaning. Therefore beans, which are seeds botanically, and tomatoes, which are fruits, were classed in accordance with the ordinary understanding as vegetables, usually served at dinner. Though truffles belong to the vegetable kingdom, they are used solely as a condiment in cooking and never separately served as a table dish, and are not included in the trade or in ordinary usage among vegetables. * * *

It will be observed that that case involved the classification of a condiment. A number of decisions of this court are also cited, but all of them involved the dutiable classification of condiments or relishes not used as articles of food.

In the case of *United States* v. *Wallace et al.*, 4 Ct. Cust. Appls. 142, T. D. 33413, the cases above cited were reviewed, and with respect thereto the court said:

The foregoing decisions indicate that in the tariff acts the word "vegetables" has not been employed in a strictly botanical sense, but rather has been applied to those articles of food which constitute in common acceptation the vegetable part of a repast. These are such articles of food as commonly grow in kitchen gardens. This definition excludes horse-radish, because that article, while botanically a vegetable, is not commonly given that name when it appears upon the dinner table, and in use is not a food at all, but only a condiment.

In the case of *Togasaki & Co. et al.* v. *United States*, 12 Ct. Cust. Appls. 463, T. D. 40667, after reviewing certain decisions, we said:

It is not a matter of importance, in view of these decisions, where a certain product of the vegetable kingdom grows, in the consideration of whether it is or is not a vegetable. It may grow in the garden, it may grow in the fields; it may be cultivated, it may be wild. It may be a product of our country or it may be indigenous to other lands. If it is eaten as a food and as other well-known vegetables, it is a vegetable. To hold that a vegetable was only such as grew in the kitchen garden would exclude many common and nourishing foods, such as the familiar "greens," composed of the foliage of wild plants of the fields and roadsides. It would exclude the new plant-food products which are often appear-

ing in our markets, and lose sight of the efforts which the Department of Agri-
culture of our Government is constantly making to introduce among our people as
food new and hitherto unknown vegetable products from other lands. In view
of these considerations, it is not possible to define the term "vegetables," as used
in paragraph 552 [tariff act of 1913], and similar sections, with any hard and fast
definition. Each case must depend upon its own facts.

In the case of *Bragno & Mustari et al.* v. *United States*, 21 C. C. P. A.
(Customs) 74, T. D. 46393, we said:

It is not always an easy matter to determine when a given vegetable substance
is to be treated for tariff purposes as a vegetable, or whether, by reason of its
nature and use, it falls within some other provision of the tariff act. The dividing
line is ofttimes a narrow one.

Appellant also quotes from the New International Encylopaedia,
2d Edition, Volume 11, page 265, as follows:

The unripe fruit of Hibiscus esculentus an annual plant with a soft herbaceous
stem 3 to 5 feet high, crenate leaves, axiliary sulphur-colored flowers, and pyram-
idal, somewhat pod-like capsules, is in general use both in the East and West
Indies and southern United States for thickening soups and otherwise as an article
of food. It is called okra, gumbo, gambo, gabbo and ochro in the West Indies and
southern United States;

In Volume 10, Encyclopaedia Britannica, 14th Ed., page 983, it
is stated with respect to okra:

* * * The unripe fruit is eaten either pickled or prepared like asparagus.
It is also an ingredient in various dishes, *e. g.*, the *gumbo* of the southern United
States, and on account of the large amount of mucilage it contains, it is extensively
used for thickening broths and soups. The fruit is grown on a large scale in the
vicinity of Constantinople. The seeds of the gumbo are used as a substitute for
coffee. * * *

In Volume 4, Standard Cyclopedia of Horticulture (2d Ed.), page
2332, we find the following:

Okra or Gumbo (Hibiscus esculentus) is a half hardy plant introduced into the
United States and West Indies from Africa, and cultivated for its fruit-pods,
which are used in soups, stews, catsups and the like (Fig. 2569). In soups and
catsup, it gives body to the dish; stewed, it is mucilaginous, and while at first
not agreeable to many persons, a taste for it is easily acquired. It is also dried
and canned for winter use. When ripe, the black and brown white-eyed globular
seeds are sometimes roasted and used as a coffee substitute.

* * * * * * *

The demand for this vegetable is increasing especially in New York.

Appellant contends that the only purpose of the use of okra in
soup is for its thickening qualities, and that such is not a vegetable
use. We find no warrant for such contention, either in the stipula-
tions or in the definitions of the word "okra" and its use as quoted
from standard authorities in appellant's brief.

Both the stipulations and said authorities establish that okra is
served as a vegetable, that is, like other common vegetables, but is
chiefly used in soup. We do not think its use in soup destroys its

292

qualities as a vegetable any more than completely boiling dried beans to a pulp in soup would destroy the vegetable character of the beans. *Robertson* v. *Salomon*, 130 U. S. 412.

The Customs Court relied somewhat upon the tariff history of paragraph 774, and upon legislative adoption of judicial decision respecting the classification of okra. As we are satisfied that the involved okra is, in a tariff sense, a vegetable in its natural state, we find it unnecessary to discuss such tariff history in support of our conclusion.

For the reasons stated herein, the judgment appealed from is affirmed.