BUDLONG PICKLE CO. *v.* UNITED STATES (No. 2966 [1])

United States Court of Customs Appeals, May 25, 1928

*David D. Stansbury* for appellant.

*Charles D. Lawrence,* Assistant Attorney General (*Hugo P. Geisler*, special attorney, of counsel), for the United States.

[Oral argument April 12, 1928, by Mr. Stansbury and Mr. Lawrence]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

BLAND, Judge, delivered the opinion of the court:

The collector at the port of Chicago classified onions, which had been peeled and packed in brine, in casks containing approximately 295 pounds each, under paragraph 773 of the Tariff Act of 1922, as vegetables packed in brine.

Paragraph 773 is as follows:

PAR. 773. Vegetables, if cut, sliced, or otherwise reduced in size, or if parched or roasted, or if pickled, or packed in salt, brine, oil, or prepared or preserved in any other way and not specially provided for; sauces of all kinds, not specially provided for; soya beans, prepared or preserved in any manner; bean stick, miso, bean cake, and similar products, not specially provided for; soups, pastes, balls, puddings, hash, and all similar forms, composed of vegetables, or of vegetables and meat or fish, or both, not specially provided for, 35 per centum ad valorem.

The importer protested the classification and claimed the merchandise dutiable under paragraph 768 of the same act as "onions, 1 cent per pound."

---

[1] T. D. 42808.

The testimony shows that the onions, after peeling, are packed in brine, in large casks, for the purpose of preserving them for an "indefinite period," and that they are not packed in brine for the purpose of preserving them for transportation only; that they are kept in the casks, in the brine, until they are needed by the appellant, for the purpose of being manufactured by pickling in vinegar, and that they are sold in sweet liquor.

Unquestionably the merchandise, at the time of importation, is *vegetables packed in brine*. The only question seriously discussed is as to whether or not it is *onions* and properly classifiable as such under the *eo nomine* provision for *onions* in paragraph 768. We think this question is definitely settled in *United States* v. *La Manna, Azema & Farnan et al.*, 14 Ct. Cust. Appls. 123, T. D. 41647, and *United States* v. *Pacific Trading Co.*, 14 Ct. Cust. Appls. 131, T. D. 41649.

In the *La Manna* case, *supra*, the merchandise consisted of pearl onions peeled and put up in vinegar pickle and packed in glass bottles. It was classified for duty, under paragraph 773, as vegetables preserved. It was claimed to be dutiable as onions under paragraph 768. The Board of General Appraisers (now the United States Customs Court) sustained the protest. This court reversed the judgment of the board and held the merchandise properly dutiable under paragraph 773.

The case of *United States* v. *Pacific Trading Co.*, *supra*, was decided concurrently with the *La Manna* case, *supra*. The importation consisted of scallions, or onions, put up and preserved in a liquid composed of vinegar, salt, and sugar. Following the *La Manna* case, which involved almost identical issues, this court held the scallions to be vegetables pickled and dutiable under paragraph 773.

In the *La Manna* case, *supra*, we reviewed the history of tariff legislation on the subject of onions, and said:

It will be noticed that in paragraph 768 of the Tariff Act of 1922 onions were provided for at 1 cent per pound. Congress having provided for onions in the Act of 1890, 1894, and 1897, to be dutiable by the *bushel*, and in 1909 and 1913 by the *bushel of 57 pounds*, and in the Act of 1922 by the *pound*, the inquiry immediately presents itself, did the change in language mean that Congress intended a change in classification?

We find at page 795 of the Summary of Tariff Information, by the United States Tariff Commission, furnished in 1921, the following significant statement:

The basis of duty on onions has been changed from bushels to pounds to conform to commercial usage.

We think it is a matter of common knowledge that there are many regulations and ordinances requiring that similar merchandise be sold by the pound rather than by the bushel. It is also probable that Congress desired to get away from dishonest practices and business methods connected with undersized measuring units. We do not believe Congress, in the Tariff Act of 1922, by the change in wording, meant to include pickled onions in paragraph 768 any more than it

intended to include pickled onions in the onion paragraphs of the former tariff enactments.

While it can not be disputed, under this record, that the contents of the small bottles may in a sense be onions, we do not believe they are the onions which Congress intended to be dutiable under paragraph 768, and, therefore, do not believe they are provided for *eo nomine*. As was said by General Appraiser Somerville in T. D. 26654, *supra*, we think Congress, in paragraph 768, meant the ordinary onion in its natural state and not in a solution of brine, or other pickling ingredients. A consideration of the *eo nomine* provisions for onions and other vegetables and the pickled vegetable paragraph leads us to the conclusion that Congress did not intend that the paragraph for onions at 1 cent per pound should be broad enough to include merchandise like that involved herein. It would require about nine of the small bottles containing the pickled onions to equal 1 pound, upon which there would be a duty of but 1 cent. Is it reasonable to presume Congress could have intended such a result? We think not.

\* \* \* \* \* \* \*

In the case at bar the merchandise is more than onions in one sense and less than onions in another. It is a new article of commerce made from onions which have been peeled, cut, and soaked in a pickling solution.

The above quotation in the *La Manna* case applies with equal force to the case at bar. Before the merchandise was peeled and packed in brine it was onions, but in its condition at the time of importation it was more than onions in one sense and less than onions in another. The same reasons that brought this court to the conclusion that the merchandise was not onions in the *La Manna* case, *supra*, bring us to the same conclusion in the case at bar.

Since a number of authorities were reviewed somewhat at length in the *La Manna* case, *supra*, it will not be necessary to cite or discuss them here.

The judgment of the United States Customs Court is *affirmed*.