BRAGNO & MUSTARI ET AL. *v.* UNITED STATES (No. 3566)[1]

United States Court of Customs and Patent Appeals, April 24, 1933

*James R. Ryan* for appellants.
*Charles D. Lawrence*, Assistant Attorney General (*John F. Kavanagh* and *William Whynman*, special attorneys, of counsel), for the United States.

[Oral argument April 6, 1933, by Mr. Ryan and Mr. Whynman]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

BLAND, Judge, delivered the opinion of the court:

The merchandise involved in this appeal was classified by the collector at the port of Chicago under paragraph 749 of the Tariff Act of 1922 and assessed with duty at 35 per centum ad valorem. The importers protested said classification and assessment of duty and claimed it dutiable as a nonenumerated manufactured article at 20 per centum ad valorem under paragraph 1459 of the same act.

The United States Customs Court overruled the protests without approving the classification of the collector. Appellants have appealed to this court from the decision of the lower court, and here urge that the merchandise is not enumerated in the said tariff act; that it is neither a fruit nor a vegetable within the tariff sense, and should not be classified as such either directly or by similitude.

The importation consists of green peppers, in vinegar, in tins hermetically sealed. The record is not as complete as it should be concerning the exact nature, characteristics, and uses of the merchandise. However, it does appear from the record that the peppers are of the small, green variety and are somewhat hot and pungent, and that they are used in this country as a relish or appetizer, sometimes with antipasto and hors d'œuvres. There is no showing that they are

---

[1] T. D. 46393.

ever stewed, fried, or prepared and eaten in such manner as are such well-known vegetables as cabbages, potatoes, turnips, and beans. They are sold in this country in stores which sell olives, olive oil, etc.

The pertinent provisions of the Tariff Act of 1922 involved are:

PAR. 749. Fruits in their natural state, or in brine, pickled, dried, desiccated, evaporated, or otherwise prepared or preserved, and not specially provided for, and mixtures of two or more fruits, prepared or preserved, 35 per centum ad valorem: *Provided*, That all specific provisions of this title for fruits and berries prepared or preserved shall include fruits and berries preserved or packed in sugar, or having sugar added thereto, or preserved or packed in molasses, spirits, or their own juices.

PAR. 773. Vegetables, * * * if pickled, * * * or prepared or preserved in any other way and not specially provided for; sauces of all kinds, not specially provided for; * * * 35 per centum ad valorem.

PAR. 1459. That there shall be levied, collected, and paid on the importation of all raw or unmanufactured articles not enumerated or provided for, a duty of 10 per centum ad valorem, and on all articles manufactured, in whole or in part, not specially provided for, a duty of 20 per centum ad valorem.

We do not think the merchandise responds to the term "Fruits * * * in brine, pickled, * * *." The examiner stated that he returned the merchandise as fruits because of "the collector's construction of T. D. 32078," which is a decision by this court, *Microutsicos* v. *United States*, 2 Ct. Cust. Appls. 342, in which a hot pepper which grows on a tall bush was held to be dutiable as a fruit. The court said it was not "grown in the kitchen garden," but was "rather the product of an orchard."

We think the importers are wrong in their contention that the importation is not enumerated. Only one provision of the said tariff act where the merchandise may be enumerated has been called to our attention—paragraph 773 for pickled vegetables.

It is not always an easy matter to determine when a given vegetable substance is to be treated for tariff purposes as a vegetable, or whether, by reason of its nature and use, it falls within some other provision of the tariff act. The dividing line is ofttimes a narrow one.

This court in *Pierce* v. *United States*, 1 Ct. Cust. Appls. 171, T. D. 31215, held that capers, which are buds of the caper bush, used as a condiment upon the table for seasoning meats and salads, were not vegetables in a tariff sense. The court there said:

* * * capers, being a condiment used to flavor vegetables and meats rather than to be eaten as a vegetable, is not included within the provisions of paragraph 241 [the vegetable paragraph] of the tariff act of 1897. It is not a vegetable, nor is it a vegetable pickle in the sense those words are used in the tariff act.

In *United States* v. *Wallace*, 4 Ct. Cust. Appls. 142, T. D. 33413, this court had under consideration crude horse-radish roots imported in their natural state. There, after reviewing numerous authorities, including the case of *United States* v. *Shing Shun & Co.*, 2 Ct. Cust.

Appls. 388, T. D. 32113, it was held that the horse-radish roots were not vegetables in their natural state. The court said:

The foregoing decisions indicate that in the tariff acts the word "vegetables" has not been employed in a strictly botanical sense, but rather has been applied to those articles of food which constitute in common acceptation the vegetable part of a repast. These are such articles of food as commonly grow in kitchen gardens. This definition excludes horse-radish, because that article, while botanically a vegetable, is not commonly given that name when it appears upon the dinner table, and in use is not a food at all, but only a condiment.

In the *Shing Shun & Co.* case, *supra*, the court had under consideration watermelon seeds, the hull of which had been peeled off, reduced in size, salted and roasted, and held them not to be "a vegetable, cut, sliced, [etc.]" nor a "vegetable, parched or roasted, or prepared in any way." The court there held that they were not vegetables, but at most were the seeds of a vegetable.

In *Austin, Nichols & Co.* v. *United States*, 6 Ct. Cust. Appls. 9, T. D. 35249, merchandise invoiced as "pimientos morrones," being pimientos or what were commonly known as sweet red peppers or sweet Spanish peppers, pickled, with skins and seeds removed, were held to be vegetables. They were used in part for garnishing purposes and were also eaten as a food when made up into sandwiches or served with cold meats and salads.

In *Nix* v. *Hedden*, 149 U. S. 304, in an opinion by Mr. Justice Gray, in passing upon the question as to whether tomatoes were fruits or were vegetables, the Supreme Court of the United States said:

Botanically speaking, tomatoes are the fruit of a vine, just as are cucumbers, squashes, beans, and peas. But in the common language of the people, whether sellers or consumers of provisions, all these are vegetables, which are grown in kitchen gardens, and which, whether eaten cooked or raw, are, like potatoes, carrots, parsnips, turnips, beets, cauliflower, cabbage, celery, and lettuce, usually served at dinner in, with, or after the soup, fish, or meats, which constitute the principal part of the repast, and not, like fruits generally, as dessert.

In *United States* v. *La Manna, Azema & Farnan et al.*, 14 Ct. Cust. Appls. 123, T. D. 41647, this court held that small pearl onions, peeled, put up in vinegar pickle and packed in glass bottles, and used as condiments or relishes, were vegetables. This case was followed in *Budlong Pickle Co.* v. *United States*, 16 Ct. Cust. Appls. 174, T. D. 42808.

There is no exhibit before us representing the involved merchandise. The record is silent as to the use of the merchandise before being pickled. It does not show whether the peppers grow in gardens or elsewhere, or whether they grow upon trees or otherwise. Having protested and claimed that the merchandise was not enumerated in the tariff act, it was the importers' duty to make proof of facts which supported this conclusion.

The dictionary and lexicographical authorities give different shades of meaning to the word "condiment." They define a condiment as a seasoning for food or something used to give flavor to food. (See Webster's New International Dictionary, 1932.) The broader definition of the term includes a pungent and appetizing substance which may be eaten independently of other foods as an appetizer.

There is no evidence of record that these articles are used as condiments in the sense that that term was used in *Pierce* v. *United States, supra,* and *United States* v. *Wallace, supra.* Upon the record before us, if the merchandise may be said to be a condiment under the broad definition of that term, it is such a condiment as was referred to in *United States* v. *La Manna, Azema & Farnan et al., supra,* and there held to be a vegetable.

It is within the common knowledge (see *Robertson* v. *Salomon,* 130 U. S. 412) that certain kinds of vegetable substances are used upon or with certain foods as condiments, and that they are not ordinarily understood to be vegetables. The courts have held, as is hereinbefore pointed out, that such vegetable substances are not to be regarded as vegetables for tariff purposes. It is also within the common knowledge that there are certain kinds of so-called peppers, sometimes called green peppers and sometimes called sweet peppers, that are eaten as foods, either by themselves or made into salads. They are not served on foods for the purpose of giving flavor thereto but are themselves eaten as vegetable foods. The latter are regarded as vegetables in the tariff sense, and the instant importation, we think, falls within this class of articles.

Upon the record before us and following the foregoing authorities, it would seem to us that the merchandise is enumerated and provided for under paragraph 773 as "vegetables * * * pickled."

The importers made no claim in their protests that the merchandise was dutiable under paragraph 773, probably due to the fact that the fruit and vegetable paragraphs carry the same rate of duty. The lower court correctly overruled appellants' protests without approving the classification of the collector, and its judgment is *affirmed.*