GODILLOT & CO. *v.* UNITED STATES (No. 680).[1]

PICKLED CAPERS.

There is no limitation on the word "pickles" as used in paragraph 253, tariff act of 1909, and pickled capers are dutiable under it. In the presence of clear and explicit enactment, canons of construction have no application—Microutsicos *v.* United States (T. D. 32078).

United States Court of Customs Appeals, January 11, 1912.

APPEAL from Board of United States General Appraisers, G. A. 7207 (T. D. 31496).

[Affirmed.]

*Comstock & Washburn* (*Albert H. Washburn* and *Geo. J. Puckhafer* of counsel) for appellants.

*Wm. L. Wemple*, Assistant Attorney General (*Wm. K. Payne*, Deputy Assistant Attorney General, on the brief), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

DE VRIES, Judge, delivered the opinion of the court:

This appeal brings here for decision the dutiable classification of "capers" under the tariff act of 1909. The case is stated by the board in the following language:

The Court of Customs Appeals, in passing upon the classification of capers under the act of 1897 (Pierce *v.* United States, T. D. 31215), held that they were not

---

[1] Reported in T. D. 32168 (22 Treas. Dec., 68).

vegetables, and therefore not embraced within the class of pickles provided for in paragraph 241. The court observed:

In accordance with all the lexicographic definitions they are, in fact, pickles, although they are excluded from those pickles provided for in paragraph 241 by the character of the pickles therein provided for. Accordingly this court is of the opinion that the merchandise is an article wholly or in part manufactured, and dutiable, as claimed by the appellant, as an unenumerated article in whole or in part manufactured, under the provisions of section 6 of the tariff act of 1897.

We are of the opinion that the provision for pickles in paragraph 253 of the new act is more general in its application than the provision in paragraph 241 of the act of 1897. It will be observed that the term "pickles" in paragraph 253 is unlimited; it is broad enough, we think, to cover all kinds of pickles, whether vegetables within the meaning of the tariff act or whether vegetable substances which are used for pickles.

The decision of the board is in precise accord with the very recent decision of this court. In Microutsicos v. United States (2 Ct. Cust. Appls., 342; T. D. 32078) this court, in speaking of the use of the word "pickles" in the language of the tariff act of 1909, and comparing the same with the use of that word in the act of 1897, observed:

It will be observed that the changed language of the act of 1909 in relation to this subject is something more than a mere rearrangement of words in the interest of order or form of expression. To the contrary, the change is material and goes to the substance of the classification. Whereas under the act of 1897, as well as the preceding ones, pickles had been directly classified as a kind or product of vegetables, now, after a period of litigation concerning the few kinds of nonvegetable pickles, the controlling enactment is changed so as to remove pickles from the vegetables paragraph and make them a class of themselves. *This seems to express a legislative intent to use the word in the sense of its common acceptation.* As stated in the above definition, pickles are generally composed of vegetables, but in a few instances might be nuts or like products. In this view the amended classification would make the preparation, characteristics, and use of the articles the determinative factors as to whether they were pickles, and would not arbitrarily limit the class to vegetable products only. It is well known that the word pickles in its ordinary meaning includes some few nuts and like articles which lend themselves readily to such preparation and use.

The contention of the importer is based upon the doctrine of United States v. Beierle (1 Ct. Cust. Appls., 457; T. D. 31506). Essentially, the conclusion is deduced from the legislative use of the words, "pickles," "vegetables," etc., in the various tariff acts preceding the existing law. That is a rule of construction adopted by the court in a case where, by the relation of the various provisions of the tariff acts *in pari materia,* it was deemed applicable. The changed provisions, however, of the tariff act of 1909 relative to this subject matter present a case of legislative expression that strongly and, as we have held, conclusively negatives the construction invoked. In the presence of clear and explicit enactment canons of construction have no application. At most a rule based upon inferential construction would not be held to obtain against the plain import of the language of the legislature, be that intent gathered from express words or correlated language.

*Affirmed.*