MALTUS & WARE v. UNITED STATES (NQ. 928).[1]

ROSE PLANTS.
   Only those briar roses that are three years old or less are entitled to admission at the rate of one dollar per thousand plants (paragraph 264, tariff act of 1909), and the burden of proof was on the importers to show that the plants came within that description. They failed to do this by a preponderance of credible evidence, and the importation must be taken to have been properly assessed under paragraph 264, tariff act of 1909.

United States Court of Customs Appeals, October 28, 1912.

APPEAL from Board of United States General Appraisers, Abstract 28394 (T. D. 32488)

[Affirmed.]

   Hatch & Clute (Walter F. Welch, of counsel) for appellants.
   William L. Wemple, Assistant Attorney General (William A. Robertson, special attorney, of counsel; William K. Payne, Deputy Assistant Attorney General, on the brief), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

SMITH, Judge, delivered the opinion of the court:

Plants invoiced as "Rosa rugosa seedlings" were classified by the collector of customs at the port of New York as rose plants, budded, grafted, or grown on their own roots, and accordingly there was assessed upon them a duty of 4 cents each under that part of paragraph 264, tariff act of 1909, which reads as follows, to wit:

264. * * * Rose plants, budded, grafted, or grown on their own roots, four cents each; * * *

The classification of the goods and the duty imposed were protested by the importers, who, among other things, claimed that the importation was Manetti multiflora or briar rose, dutiable at $1 per thousand plants, or shrubs and plants commonly known as nursery or greenhouse stock, dutiable at 25 per cent ad valorem under one of the following provisions of paragraph 264, namely:

264. * * * Manetti multiflora and briar rose, three years old or less, one dollar per thousand plants; * * * all trees, shrubs, plants, and vines commonly known as nursery or greenhouse stock, not specially provided for in this section, twenty-five per centum ad valorem.

On behalf of the importers two witnesses testified at the hearing that in the trade roses grown on their own roots meant those roses only which were grown from slips, cuttings, or layers, and that the plants upon which the collector laid a duty of 4 cents each were seedlings which, commercially speaking, were not "rose plants, budded, grafted, or grown on their own roots." Hiram Jones, for whom the goods were imported, was one of these witnesses. He stated that the plants were briar roses, belonging to the species technically known as *Rosa rugosa*, and that, in his opinion, they were two years old. He also said that the *Rosa rugosa* seedlings, or briar roses, were sold by him for shrubbery purposes, and that he listed them as nursery stock. The examiner who reported the goods for classification and recommended the duty assessed had an experience of five years as an examiner of plants in the appraiser's office and a commercial experience of 30 years in the nursery business. He testified for the Government that the plants, though grown from seed, were nevertheless rose plants grown on their own roots, and that as far as he was aware there was no rule in the trade which classified as rose plants grown on their own roots only those produced from cuttings, layers, or slips. He further stated that the *Rosa rugosa* seedlings imported were, in his opinion, more than 3 years old, and that he was led to that conclusion by his experience, his examination of the plants, and the invoice price of the goods.

The Board of General Appraisers, without passing on any of the other questions raised in the case, held that the importers had failed to show by a preponderance of evidence that the plants in question were 3 years old or less. In accordance with this holding the Board overruled the protest and sustained the collector. We see no error in this decision. The burden of proof was on the importers and it was incumbent upon them to maintain the claims of their protest by a preponderance of credible evidence. Only those briar roses which are 3 years old or less are entitled to admission at the rate of $1 per thousand plants, and it devolved upon the importers to show not only that they were briar roses, but that they did not exceed the age limit prescribed by the statute. The testimony of Jones that in his opinion they were 2 years old was balanced by the testimony of the examiner, who stated under oath that in his judgment they were more than 3 years old. The importers, therefore, did not make out their case by a preponderance of credible evidence. Indeed, the preponderance was rather on the side of the Government, considering that the testimony of the examiner did not stand alone, but was aided by the presumption which obtains in favor of the correctness of the collector's decision.

Without expressing any opinion as to whether rose plants grown from seed are or are not "grown on their own roots," we think that the importers failed to prove that the importation was one of briar

roses *3 years old or less* and that the board was correct in so holding. The testimony of Jones to the effect that he *sold Rosa rugosa* seedlings for shrubbery purposes and that he *listed* them as nursery stock fell short of proving that they were "trees, shrubs, plants, and vines commonly known as nursery or greenhouse stock." The claim of the protest that they were goods of that character, dutiable at 25 per cent ad valorem under paragraph 264, can not therefore be sustained. Even if it were conceded that the collector's classification was erroneous, that fact could not by itself inure to the benefit of the importers. To secure relief it is not enough for importers to show that the collector's classification is wrong. They must show that their classification, namely, the classification claimed in the protest, is correct.

The importers in this case having failed to establish any of the claims of their protest the collector's ruling must stand, and the decision of the Board of General Appraisers is therefore *affirmed*.