## AUSTIN, NICHOLS & CO. *v*. UNITED STATES (No. 1080).[1]

CAPERS—PICKLES.

The importation is of capers, but these capers possess certain qualities and characteristics that bring them within the class of pickles. This applies to those that are washed and treated with fresh vinegar after importation as well as to those that do not require such treatment.

## United States Court of Customs Appeals, May 23, 1913.

APPEAL from Board of United States General Appraisers, G. A. 7405 (T. D. 32978).

[Affirmed.]

*Brown & Gerry* for appellants.

*William L. Wemple*, Assistant Attorney General (*Charles E. McNabb*, assistant attorney, of counsel; *William A. Robertson*, special attorney, on the brief), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MARTIN, Judge, delivered the opinion of the court:

The merchandise now in question consists of capers put up in vinegar and imported in bottles and casks. Those packed in bottles are ready for immediate use; those packed in casks are taken from the vinegar after importation, are then washed and again placed in vinegar, when they are ready for the consumer.

The importations were returned by the appraiser and assessed by the collector as prepared vegetables dutiable at 40 per cent ad valorem under paragraph 252 of the tariff act of 1909.

The importers protested against the assessment, claiming the merchandise to be dutiable as a nonenumerated article under paragraph 480 of the act.

At the trial of the protest before the Board of General Appraisers the Government conceded that the capers in question were not classifiable as prepared vegetables; but the Government at the same time contended that the articles were pickles under paragraph 253 of the act, and therefore dutiable at the rate which was assessed upon them.

This claim was sustained by the board and accordingly the protest was overruled. The importers now appeal from the decision of the board, and the question is presented whether or not the record sustains the board's decision that the capers in question are dutiable as pickles under the tariff act of 1909.

Testimony was introduced by the importers to the effect that commercially the merchandise at bar always passes under the specific name of capers and never under the name of pickles. Upon this testimony, however, the board held that although the trade always calls the merchandise capers, nevertheless the name pickles, in

---

[1] Reported in T. D. 33483 (24 Treas. Dec., 879).

common acceptation, generically includes articles possessing the characteristics of the capers in question, and that the testimony fell short of establishing a definite, uniform, and general trade meaning of the word pickles which would exclude the importation.

The court is of the opinion that this finding of the board is not contrary to the real meaning of the evidence contained in the record. It is clear that many articles belonging to well-known classes may nevertheless always pass in trade under more specific names, but this fact alone would not necessarily withdraw them for tariff purposes from the larger class to which the species may belong.

The board was justified in the conclusion that the present testimony does no more than disclose a case of that character. While the capers in question are invariably called capers, nevertheless they possess certain qualities and characteristics which bring them within the class of pickles. This applies to those which are washed and treated with fresh vinegar after importation, as well as to those which require no such treatment. Microutsicos v. United States (2 Ct. Cust. Appls., 342; T. D., 32078); Godillot v. United States (2 Ct. Cust. Appls., 408; T. D. 32168).

The decision of the board is *affirmed*.