WITCOMBE, McGEACHIN & Co. ET AL. v. UNITED STATES (No. 2280).[1]

EVIDENCE, BURDEN OF PROOF—WALL-PAPER MODELS.

Water-color designs to be used as models for printing wall paper and cretonnes were assessed by the collector as manufactures of paper, under paragraph 332, tariff act of 1913. A protestant claiming classification under

[1] T. D. 40022.

paragraph 652 as original drawings and sketches in pen and ink or pencil and water colors, or under paragraph 376 as works of art, assumes the burden of proving that they answer the descriptions contained in one or the other of the two paragraphs; and this burden not having been met, the judgment of the Board of United States General Appraisers overruling the protests is affirmed.

## United States Court of Customs Appeals, February 9, 1924.

APPEAL from Board of United States General Appraisers, Abstracts 45766 and 45922.

[Affirmed.]

*Comstock & Washburn (Geo. J. Puckhafer* of counsel) for appellants.
*William W. Hoppin,* Assistant Attorney General (*Charles D. Lawrence* and *Ralph Folks,* special attorneys, of counsel), for the United States.

[Oral argument December 13, 1923, by Mr. Puckhafer and Mr. Lawrence.]

Before MARTIN, Presiding Judge, and SMITH, BARBER, and BLAND, Associate Judges; HATFIELD, Associate Judge, participating in the decision by agreement of counsel.

MARTIN, Presiding Judge, delivered the opinion of the court:

The merchandise now upon appeal consists of designs in water colors on paper, intended to serve as models in the printing of wall paper and cretonnes in this country. They represent leaves, flowers, and similar objects, in more or less natural shapes and colors.

The collector assessed the merchandise with duty at the rate of 25 per cent ad valorem under the enumeration of manufactures of paper, in paragraph 332 of the tariff act of 1913.

The importers protested, claiming free entry under the provisions in paragraph 652 of the act for original drawings and sketches in pen and ink or pencil and water colors, or alternatively an assessment of only 15 per cent ad valorem under the enumeration of works of art, including paintings in oil or water colors, in paragraph 376 thereof.

The protests, three in number, were submitted upon testimony to the Board of General Appraisers, and were severally overruled.

The importers have appealed from that decision.

The law in relation to such importations has been discussed in the following cases among others, to wit, American Colortype Co. *v.* United States (9 Ct. Cust. Appls. 212; T. D. 38046); Macloughlin *v.* United States (10 id. 37; T. D. 38261); and Tower & Sons *v.* United States (11 id. 291; T. D. 39125).

In this case in order to sustain the claim for free entry under paragraph 652, it was necessary for the importers to prove that the imported designs were not only drawings or sketches in pen and ink or pencil and water colors, but also that they were original with the artist who produced them. In respect to one of the protests the board found that the designs covered by it were not shown by the evidence to be original; and with respect to the other two protests the board found that the designs referred to therein were not draw-

ings or sketches at all but were paintings in water colors. We think that these findings were not contrary to the evidence in the case, and that they are sustained, moreover, by the exhibits.

In order to bring the importations within the alternative claim of the importers, namely, that the designs were works of art, including paintings in oil or water colors under paragraph 376 of the act, it was necessary for the importers to prove by the evidence that they answered to the description of works of art heretofore set out in the decisions.—United States v. Olivotti & Co. (7 Ct. Cust. Appls. 46; T. D. 36309); Reardon v. United States (11 id. 233; T. D. 38992). Upon the testimony in this case, however, the board held against the importers upon that issue also. And again we think that upon the exhibits and the oral testimony in the record the board's decision should not be disturbed.

The judgment is therefore *affirmed*.