G. GRANUCCI & SONS *v.* UNITED STATES (No. 3868)[1]

United States Court of Customs and Patent Appeals, November 4, 1935

*Lawrence & Tuttle* (*George R. Tuttle* of counsel) for appellants.

*Joseph R. Jackson*, Assistant Attorney General (*William Whynman* and *Ralph Folks*, special attorneys, of counsel), for the United States.

[1] T. D. 47990.

[Oral argument October 10, 1935, by Mr. Folks; submitted on brief by appellant] .

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

GRAHAM, Presiding Judge, delivered the opinion of the court:

Certain peppers were imported at the port of San Francisco by appellant, under the Tariff Act of 1930. They were classified by the collector as vegetables, prepared, under paragraph 775 of said act, the material provisions of which are as follows:

PAR. 775. Vegetables (including horseradish), if cut, sliced, or otherwise reduced in size, or if reduced to flour, or if parched or roasted, or if pickled, or packed in salt, brine, oil, or prepared or preserved in any other way and not specially provided for; * * * 35 per centum ad valorem.

The importer protested, claiming the goods to be dutiable alternatively as unenumerated manufactured articles under paragraph 1558, or at "2¢ per lb. under par. 781 (pepper unground)" of said act.

The United States Customs Court overruled the protest. In doing so, the court was of opinion that the goods were properly classifiable as vegetables, pickled, although not finding itself in agreement with the views of the collector that the merchandise was vegetables, prepared.

The importer has appealed, and here contends that the imported merchandise cannot, for customs purposes, be considered as vegetables, relying largely upon the authority of *United States* v. *Shing Shun & Co.*, 2 Ct. Cust. Appls. 388, T. D. 32113, and *Microutsicos* v. *United States*, 2 Ct. Cust. Appls. 342, T. D. 32078. The claim under said paragraph 781 is not urged by the appellant.

On its part, the Government maintains that the case at bar is ruled by our decision in *Bragno & Mustari et al.* v. *United States*, 21 C. C. P. A. (Customs) 74, T. D. 46393.

It was found by the trial court that the goods at bar here, and those in the *Bragno* case, *supra*, were identical, and this proposition is not controverted by counsel for appellant, it being stated in counsel's brief:

From the record and decision in *Bragno* v. *United States*, 21 C. C. P. A. 74, T. D. 46393, it appears that the merchandise therein involved is similar to, if not identical with, that covered by the present appeal. * * *

In the *Bragno* case, *supra*, similar merchandise was imported, and the comment was made by the court that the record—

is not as complete as it should be concerning the exact nature, characteristics, and uses of the merchandise.

The importer, therefore, in the case at bar, has sought a retrial of the issues presented in the *Bragno* case, with a supplemented record containing more ample details of the exact use and characteristics of the imported merchandise. Because of this supplemented record,

it is insisted by appellant that a different judgment should be rendered.

The record here discloses that the imported peppers are raised in Italy. They are imported in cans, in vinegar, the peppers being green in color, and from an inch to two and one-half inches in length, elongated and "shaped somewhat like a dunce cap." It appears they are picked from a small, low-growing bush when still immature, green, and tender, and are thrown into a barrel where they are mixed with a considerable quantity of salt. They remain in brine about fifteen or twenty days, "the more is the better." They are then taken from the brine, washed with vinegar, packed again in tins or jars with hot vinegar, and imported in hermetically sealed packages. These peppers are used largely in Italian restaurants, and, when served, are poured out of their can into a dish, and placed upon the table by themselves. They are eaten with the meal as celery, olives, or pickled onions, sometimes with the hors d'oeuvres and sometimes not. The testimony shows that they are not cooked with other articles of food to give flavor or seasoning to the food, but are eaten by themselves.

In the *Bragno* case, *supra*, we held that these articles were provided for under the provision for vegetables, pickled, under paragraph 773 of the Tariff Act of 1922, which paragraph, insofar as it affects the goods here imported, is substantially the same as our present paragraph 775 of the Tariff Act of 1930. In doing so, we reviewed thoroughly the cases which had come before this and the other United States courts on similar products, among which cases was *Microutsicos* v. *United States*, *supra*, and distinguished the same. The discussion was so complete that it is not thought necessary here to repeat what we there said. There is nothing in the record now before us which seems to indicate that any different conclusion is necessary than that reached in the *Bragno* case.

Without discussing the matter further, therefore, we content ourselves with the conclusion that the *Bragno* case is decisive, and that the judgment of the United States Customs Court is correct. It is, therefore, *affirmed*.