(C. D. 95)

BRUMMER GALLERY, INC. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided February 9, 1939)

*Strauss & Hedges* (*Eugene F. Blauvelt* of counsel) for the plaintiff.
*Charles D. Lawrence,* Acting Assistant Attorney General (*Joseph F. Donohue,* special attorney), for the defendant.

Before CLINE, EVANS, and KEEFE, Judges

CLINE, Judge: This is a suit against the United States, arising at the port of New York, in which the plaintiff claims that the collector of customs assessed duty erroneously on an article composed of marble at the rate of 50 per centum ad valorem under paragraph 232 (d) of the Tariff Act of 1930 and at 25 per centum ad valorem under section 489 of said act. It is claimed in the protest that the merchandise is free of duty as artistic antiquities under paragraph 1811 and that the 25 per centum assessment under section 489 was improperly imposed.

Other claims are made in the protest, but, as they were not pressed at the trial, they are all overruled.

The record establishes that the imported article consists of a piece of marble three feet high and three feet square, having artistic carving on all sides and a hole through the center. The plaintiff introduced the testimony of an antique dealer who had been in business for thirty-two years. He testified that he had specialized in early period carvings in different kinds of material; that he had attended the school of the Museum of Louvre, Paris; that he had visited Italy, France, and

Spain for study of works of art, monuments, and churches; that he had made special study of marble monuments and buildings of different periods; that he had examined buildings and monuments of the ninth and tenth century in Italy and in France; and that in his business he goes to the library of the museum to examine books and to make comparison with other monuments. He stated that he had seen the imported article the classification of which is here in issue; that it is known as a "tailloire" and was used as the upper part of a capital on a monument; that it is artistic and that he believed it was produced in the tenth century. This evidence was uncontradicted.

For the purpose of showing an attempted compliance with the regulations promulgated by the Secretary of the Treasury under the authority of the provisions of paragraph 1811, counsel for the plaintiff moved in evidence certain affidavits forwarded to the court by the collector which were admitted without objection on the part of the defendant. It appears from the record that the entry was made on November 13, 1936, free of duty under paragraph 1807. On December 1, 1936, an amended entry was filed wherein the merchandise was entered free of duty under either paragraph 1807 or 1811.

The affidavits introduced include one executed by Ernesto Bertollo on October 27, 1936, which is attached to the invoice and in which it is stated that the affiant is the painter or producer of the work of art. Also there is attached to the invoice an affidavit of Esther Scheinman executed as secretary of the importing company on October 27, 1936, in which the affiant states that the imported article is an original sculpture. Those two affidavits were evidently filed in compliance with the regulations in article 445 of the Customs Regulations of 1931 relating to the entry of original sculptures in accordance with the original entry of the merchandise under paragraph 1807. Also, there is attached to the invoice another affidavit of Esther Scheinman, executed as secretary of the importing company November 30, 1936, on Form 3343, in which it is stated that the article is an artistic antiquity produced prior to 1830. Another affidavit of Ernesto Bertollo, executed March 15, 1937, is with the papers, but not attached to the invoice. In this affidavit it is stated that there was erroneously used an invoice on consular Form 253 containing a declaration which has reference to modern sculptures whereas the sculpture shipped is an antique at least 500 years of age. This last affidavit is written in the Italian language, with an English translation furnished, and contains no stamp showing when it was filed at the customshouse. It is apparent from the date of its execution that it was not filed at the time of entry.

Counsel for the plaintiff explains in his brief that due to an error upon the part of the Italian seller and shipper the merchandise was first entered as an original sculpture under paragraph 1807 and the

proper affidavits were filed in compliance with the customs regulations under that paragraph, but afterward the error was discovered and an amended entry was filed on December 1, 1936, in which the merchandise was entered free of duty under paragraph 1811 and the second affidavit of the importer was filed with the amended entry in compliance with the regulations prescribed for that paragraph. The affidavit of the shipper was filed later, which affidavit the plaintiff states is the one in the Italian language described above.

In his brief, counsel for the defendant does not dispute the claim of the importer that the imported article is an artistic antiquity produced prior to the year 1830, but claims that the importer cannot recover because the customs regulations promulgated in accordance with the provisions of paragraph 1811 were not complied with, citing *United States* v. *William A. Bird*, 16 Ct. Cust. Appls. 306, T. D. 42876. The regulations in force when the merchandise in that case was imported were quite different from those in effect when the instant merchandise was received. That case was governed by the Customs Regulations of 1923, article 423, which provided that "there shall be attached to the invoice filed upon entry a certificate of the foreign seller or shipper before the American Consul at the place of shipment in substantially the following form," giving the form of the certificate. The regulations provided also that a bond might be given for the subsequent production of the certificate within six months after entry.

The regulations promulgated by the Secretary of the Treasury under the authority of paragraph 1811 of the act of 1930 are found in article 450 (c) and (d) of the Customs Regulations of 1931, as amended in T. D. 46622, reading as follows:

[*Art. 450.*] (c) Regardless of the value of the articles, the invoice filed in connection with the entry shall contain a declaration by the seller or shipper, showing the name and address of the person from whom the articles were acquired, the date when acquired, and, if possible, the place and approximate date of production; but this declaration may be waived by the collector in any case where he is satisfied that failure to produce it is not due to any lack of diligence or good faith on the part of the importer and that the information is not required for any purpose in connection with the classification and appraisal of the articles, provided the affidavit of the owner required by paragraph (d) of this article is supplemented by a sworn statement of the owner, giving all the facts within his knowledge tending to show how long the articles have been in existence and where they were produced.

(d) An affidavit by the owner on customs form 3343 shall also be filed in connection with the entry.

The affidavit of the owner on Form 3343 is attached to the invoice and was evidently filed with the amended entry. It would seem that the importer complied with the provisions of article 450 (d) of the regulations. However, the statement on the invoice provided for in

article 450 (c) does not contain all the data required by the regulations. The invoice description is as follows:

N. 1 Marble artistic work (Leh. cm. 136—Brth. cm. 130—Tickn. cm. 40) "Rosa di Pozzo" of the 12th century.

Manifestly the invoice description does not contain "a declaration by the seller or shipper, showing the name and address of the person from whom the articles were acquired, the date when acquired" or the "place of production." This regulation may be waived by the collector if he is satisfied that failure to produce the information was not due to any lack of diligence or good faith on the part of the importer, provided the affidavit of the owner required by paragraph (d) is supplemented by a sworn statement of the owner, giving all the facts within his knowledge tending to show how long the article had been in existence and where it was produced. We do not find a sworn statement to that effect in the papers and no evidence was produced showing that the importer made such a sworn statement before the collector. We conclude that the importer did not comply with the customs regulations promulgated under the authority of paragraph 1811. The affidavit of the shipper executed long after entry does not meet the requirement of the regulations.

In the case of *Irwin Laughlin v. United States*, T. D. 47509, the court held that a compliance with the regulation in article 423 of the Customs Regulations of 1923, as amended, requiring that the invoice contain the name and address of the person from whom the antiques were acquired, is a condition precedent to obtaining free entry under paragraph 1811. Following said decision we overruled the claim for free entry under that paragraph.

Counsel for the plaintiff argues in his supplemental brief that, whether or not the customs regulations were complied with, the duty at the rate of 25 per centum ad valorem under section 489 should not have been assessed because the proof shows that the imported article is an artistic antiquity produced prior to 1830 and that the duty under section 489 is imposed only when an article "is rejected in respect to the antiquity claimed as the basis for free entry" and does not provide that the duty shall be assessed when the claim is rejected for failure to comply with the customs regulations.

The pertinent part of section 489 reads as follows:

Sec. 489. * * * If any article described in paragraph 1811 and imported for sale is rejected as unauthentic in respect to the antiquity claimed as a basis for free entry, there shall be imposed, collected, and paid on such article, unless exported under customs supervision, a duty of 25 per centum of the value of such article.

It is a well-settled rule of law that taxes cannot be imposed by inference. If the tax imposed by the collector under section 489 is not within the letter of the law, the subject of the tax is not covered

by the provision. In the case of *United States* v. *Merriam,* 263 U. S. 179, the court said at pages 187 and 188:

'But in statutes levying taxes the literal meaning of the words employed is most important, for such statutes are not to be extended by implication beyond the clear import of the language used. If the words are doubtful, the doubt must be resolved against the Government and in favor of the taxpayer. *Gould* v. *Gould,* 245 U. S. 151, 153.

In *Crooks* v. *Harrelson,* 282 U. S. 55, 61, the court said:

\* \* \* But unless the Constitution be violated, Congress may select the subjects of taxation and qualify them differently as it sees fit; and if it does so in plain terms, as it has done here, it is not within the province of the court to modify the law by construction.

In *Godillot & Co.* v. *United States,* 2 Ct. Cust. Appls. 408, T. D. 32168, the court said at page 409:

\* \* \* In the presence of clear and explicit enactment canons of construction have no application. At most a rule based upon inferential construction would not be held to obtain against the plain import of the language of the legislature, be that intent gathered from express words or correlated language.

Other cases involving this principle were cited by this court in *Veolay (Inc.) et al.* v. *United States,* T. D. 45945, 62 Treas. Dec. 347 at page 350.

Furthermore, if there is any doubt as to the construction of the law, a construction favorable to the importers must be accepted, citing *Downing & Co. (Inc.)* v. *United States,* 12 Ct. Cust. Appls. 451, T. D. 40614; *Hartranft* v. *Wiegmann,* 121 U. S. 609.

An examination of the pertinent parts of section 489, above quoted, indicates that Congress imposed duty at the rate of 25 per centum ad valorem upon but one condition, namely, "if any article \* \* \* is *rejected as unauthentic in respect to the antiquity claimed as a basis for free entry"* (italics not quoted). A similar question was raised in the case of *M. Grieve Co.* v. *United States,* T. D. 46895, wherein the court held that the customs regulations relating to the proof of antiquity under the authority of the provisions in paragraph 1811 were valid and entitled to the force of law but that the Secretary of the Treasury had no power under the provisions of that paragraph to make regulations denying the right of free entry under paragraph 1811 to those articles which were not entered under that paragraph.

The collector may have rejected the article herein involved on the ground that the antiquity claimed was unauthentic but his decision as to the authenticity of the antiquity claim is reviewable by this court, and, if his decision in rejecting the antiquity claim for unauthenticity is found to be erroneous, the court may review also his decision in assessing the additional duty at 25 per centum ad valorem under section 489 and such review must be predicated on the finding of this court with respect to the authenticity of the antiquity.

An examination of section 489 indicates that the statute does' not state that the additional duty shall be assessed if the importer fails to comply with the customs regulations. The uncontroverted evidence in this case establishes the antiquity of the article in question and the only reason for denying the claim for free entry under paragraph 1811 is the failure of the plaintiff to comply with the customs regulations. The literal terms of the provisions of section 489 must be followed, citing *United States* v. *Merriam, supra; Crooks* v. *Harrelson, supra;* and *Godillot & Co.* v. *United States, supra.* Therefore we hold that section 489 does not impose a duty on the merchandise herein involved and the claim that the merchandise is not dutiable at 25 per centum ad valorem under that section is sustained. Judgment will be entered accordingly.