(C. D. 1935)

A. Millner Co. *v.* United States

United States Customs Court, Third Division

(Decided November 13, 1957)

*Barnes, Richardson & Colburn* (*E. Thomas Honey* of counsel) for the plaintiff.
*George Cochran Doub*, Assistant Attorney General (*Dorothy C. Bennett* and
*William J. Vitale*, trial attorneys), for the defendant.

Before JOHNSON and DONLON, Judges

DONLON, Judge: The issue before us here is the tariff classification proper for capers imported in brine. Pursuant to decisions in previous litigation involving capers imported in vinegar and capers imported in salt pack, and unprotested administrative action over a considerable period of time, the collector classified these capers as articles manufactured in whole or in part, not specially provided for, dutiable under paragraph 1558 of the Tariff Act of 1930 at 20 per centum ad valorem.

Plaintiff's protest presents a variety of claims with respect to capers. Some of the claims were not prosecuted and so are deemed abandoned. They will be dismissed.

Plaintiff's brief states that the issue is whether capers in brine are a nonenumerated manufactured article, as classified by the collector, or a nonenumerated unmanufactured article, dutiable under paragraph 1558, as modified by the General Agreement on Tariffs and Trade (T. D. 51802), at 5 per centum ad valorem, or (alternatively) duty free as a crude or unmanufactured vegetable substance under paragraph 1722. Plaintiff's argument, in the brief before us, is addressed only to the claim to duty-free status (plaintiff's brief, p. 5). The only conclusion stated by plaintiff (plaintiff's brief, pp. 8, 9) is that duty-free status should be found.

Plaintiff's brief has not made the court's task an easy one. If plaintiff knows that there are previous court decisions as to capers, on which the protested administrative classification of capers is founded, a reading of the brief fails to disclose it. We do not, of course, infer that research of plaintiff's counsel failed to turn up these cases. We do not find it helpful that no effort was made to inform the court why plaintiff thinks these precedents should be overruled.

It is our duty not to pass over what plaintiff has so easily passed over. We take up, first, the prior judicial decisions relative to tariff classification of capers. Whatever merit there may be in cases on

pumpkin seeds, Chinese bird nests, angelica, ficin powder, cherry leaves, and horse-radish roots, urged in plaintiff's brief as supporting its claim, we shall proceed to consider these analogies only after the cases on capers have been considered.

The first such case in point of time seems to be *Pierce* v. *United States*, 1 Ct. Cust. Appls. 171 (1911). The capers in the *Pierce* case were imported in vinegar. They were classified in liquidation under a provision in paragraph 241 of the Tariff Act of 1897, for "all vegetables, prepared or preserved, including pickles and sauces of all kinds," not specially provided for. Plaintiff claimed that the capers in vinegar were nonenumerated articles, either manufactured or unmanufactured, not specially provided for, under the provision of section 6 of the 1897 act.

Judge DeVries, writing for the appeals court a comprehensive and scholarly opinion, detailed the history of tariff provision for capers from the 1790 act down to the 1897 act, the latter being the act under which the capers in issue were entered. The court found that capers, imported in vinegar, were not vegetables and so, although they were pickles, they were not such vegetable pickles as paragraph 241 contemplated. On this finding, the appeals court held the capers to be a nonenumerated article, wholly or in part manufactured, and, hence, dutiable as such. The opinion states (p. 177):

This court, therefore, is of the opinion that capers, being a condiment used to flavor vegetables and meats rather than to be eaten as a vegetable, is not included within the provisions of paragraph 241 of the tariff act of 1897. *It is not a vegetable,* nor is it a vegetable pickle in the sense those words are used in the tariff act. * * * [Emphasis supplied.]

When Congress enacted the Tariff Act of 1909, the provision for pickles, which was construed in the *Pierce* case, was changed. Thereunder, in the opinion of the appeals court, the pickle provision was no longer limited to vegetable pickles. Capers imported in vinegar were, therefore, held dutiable as pickles under the revised *eo nomine* provision for pickles in the 1909 act. *Godillot & Co.* v. *United States*, 2 Ct. Cust. Appls. 408 (1912); *Austin* v. *United States*, 4 Ct. Cust. Appls. 261 (1913).

Unfortunately for the precedent thus established, the pickle provision under the 1909 act was discontinued in the Tariff Act of 1922. The 1922 act omitted the 1909 *eo nomine* provision for pickles. A new issue then arose. As between the 1922 provision, on the one hand, for *vegetables,* cut, sliced, or otherwise reduced in size, or pickled, or *packed in* salt, *brine,* oil, or prepared or preserved in any other way, not specially provided for, and, on the other hand, the 1922 provision for nonenumerated *manufactured* articles, not specially provided for, this court, in cases that were stipulated as to facts, followed the authority of the *Pierce* case, *supra,* and held that capers, whether imported in

vinegar or in salt pack, were dutiable not as vegetables, but under the provision for nonenumerated *manufactured* articles. *Julius Wile Sons & Co.* v. *United States*, 45 Treas. Dec. 942, Abstract 47139 (1924); *Id.* v. *Id.*, 49 Treas. Dec. 1183, Abstract 51546 (1926); *Savory Importing Co., Inc.* v. *United States*, 50 Treas. Dec. 785, Abstract 1362 (1926).

The provision for *vegetable substances* was not before the court in those cases. This provision was in the 1897 act, under which the *Pierce* case arose. Paragraph 617, Tariff Act of 1897. It has been included in every subsequent act.

It will be recalled that the appeals court held, in the *Pierce* case, that although capers are pickles, they are not vegetables or vegetable pickles. Are pickled capers, then, a crude or unmanufactured vegetable substance? We are of opinion that they are not.

In general, those cases that have construed the provision for free entry of crude or unmanufactured vegetable substances have taken into account that Congress intended to cover only the lowly forms of plantlife, similar in that respect to seaweed and moss, with which the provision for vegetable substances is linked. Horse-radish root has been held to be a vegetable substance. *United States* v. *Wallace*, 4 Ct. Cust. Appls. 142. The bark of trees is not. *Reed & Keller* v. *United States*, 5 Ct. Cust. Appls. 95. Each of the cases which plaintiff cites, in its brief, turns on its own facts.

However, even if capers were a *vegetable substance* for tariff purposes, and we are of the opinion that they are not, the imported capers are not "crude or unmanufactured," within the meaning of those words. *Togasaki & Co.* v. *United States*, 12 Ct. Cust. Appls. 463. Here, the capers were packed in brine not only for their preservation during transportation, but also to prepare them for human consumption (deposition of witness Sebellini). Capers have long been held to be pickles, dutiable as such under whatever tariff provision, in a particular act, was appropriate for pickles that are not vegetables. A pickle, whether it is a cucumber or herring or capers, is preserved. It is not a crude or unmanufactured article. It is manufactured, at least in part.

In competition between the provisions for unmanufactured articles and manufactured articles, capers preserved in vinegar and in salt pack have been held to be manufactured. *Pierce* v. *United States*, *supra*; *Savory Importing Co., Inc.* v. *United States*, *supra*. Capers preserved in brine are also, for tariff purposes, not less an article manufactured in whole or in part, than are capers, when preserved in vinegar or in salt pack.

It is a well-established principle in the construction of taxing statutes that one who claims exemption from the tax burden must prove the right to such exemption beyond a reasonable doubt. A doubt in such cases will be resolved in favor of the Government.

*Swan and Finch Company* v. *United States*, 190 U. S. 143. At the very least, it may be said that plaintiff has not proved its claim to duty-free status for capers in brine, beyond a reasonable doubt.

We hold that plaintiff has not overcome the presumption that the collector's classification of these capers was correct. Judgment will be entered accordingly.