A. MILLNER Co. *v.* UNITED STATES (No. 4950) [1]

[1] C. A. D. 706.

United States Court of Customs and Patent Appeals, May 22, 1959

*Barnes, Richardson & Coburn, Joseph Schwartz, (E. Thomas Honey* of counsel) for appellant.

*George Cochran Doub,* Assistant Attorney General, *Richard E. FitzGibbon,* Chief, Customs Section (*Daniel I. Auster* of counsel), for the United States.

Before WORLEY, Acting Chief Judge, RICH, MARTIN, and JOHNSON (retired), Associate Judges

RICH, Judge, delivered the opinion of the court:

This is an appeal from the judgment of the United States Customs Court, Third Division, (C.D. 1935) overruling appellant's protest to the collector's classification of capers in brine as dutiable under paragraph 1558, Tariff Act of 1930, as a manufactured article, not specially provided for. Appellant contends that the imported merchandise should be free of duty as an unmanufactured vegetable substance under paragraph 1722 or, in the alternative, classified as an unmanufactured article under paragraph 1558, as modified.

The pertinent paragraphs are:

> Classified under:
> Paragraph 1558. * * * all articles manufactured, in whole or in part, not specially provided for, * * * 20 per centum ad valorem.
> Claimed under:
> Paragraph 1722. Moss, seaweeds, and vegetable substances, crude or unmanufactured, not specially provided for . . . . . Free.
> Paragraph 1558 (as modified by G.A.T.T., T.D. 51802). All raw or unmanufactured articles not enumerated or provided for * * * 5 per centum ad valorem.

The record indicates that capers are a food substance used to garnish salads, in the preparation of sauces or eaten as they are. They consist of flower buds which are obtained from caper bushes, in this case grown in or near Casablanca, Morocco. Because capers are extremely perishable the imported merchandise was quickly placed in brine for preservation upon being separated from the bushes, in which condition it was imported. The controversy here appears to center upon the question whether capers packed in brine have become "articles manufactured," so as to be dutiable under paragraph 1558.

Testimony indicates that capers do not have an agreeable taste when picked, but that immersion in brine produces a change, one witness stating that after being in brine a short time they have an

aromatic, slightly bitter but pleasant taste. Before being offered to the consumer market they are apparently repacked in vinegar as is shown by exhibit No. 4. The record is silent as to whether capers are ever sold to the consuming public packed in brine.

Appellant has cited several cases, which do not involve capers, in support of the proposition that the imported merchandise is a crude vegetable substance, and that it is unmanufactured. However, since there are adjudicated cases dealing with capers we feel, as did the Customs Court, that these must be considered as possible precedents before indulging in reasoning by analogy.

. In *Pierce* v. *United States*, 1 Ct. Cust. Appls. 171, T.D. 31215, capers were imported in vinegar. They were classified as a vegetable pickle (par. 241, Tariff Act of 1897) and the importer maintained, inter alia, that the goods were properly classifiable as raw or unenumerated articles n.s.p.f. (section 6) or as articles manufactured in whole or in part n.s.p.f. (section 6). Our predecessor court held that capers are a condiment rather than a vegetable within the intended meaning of that term in the act of 1897 and therefore could not be classified as a vegetable pickle. In considering the distinction between the raw article and the manufactured article paragraphs, the court said:

> * * * It seems agreed on the record that capers are imported in barrels chiefly, in which they are put up in vinegar for the purpose of preservation. Let it be admitted for the purpose of argument that this preservation is a temporary one. They are cleansed upon arrival and put in bottles with new vinegar for complete preservation and use. Whether the article is unmanufactured, or in whole or in part manufactured, is then to be determined from that condition [meaning as imported]. Evidently and indisputably the temporary preservation in transit by vinegar must be sufficiently effective to preserve them for a time at least. The change of this vinegar and the addition of other vinegar is but a continuation of the process of manufacture or preservation already undertaken. We cannot see how it can be said that the completion of a process already undertaken is not the completion of a partly accomplished process, and the result pickled capers. * * * Accordingly this court is of the opinion that the merchandise is an article wholly or in part manufactured, * * *.

The only other contested cases noted involving capers are *Godillot & Co.* v. *United States*, 2 Ct. Cust. Appls. 408, T.D. 32168, and *Austin* v. *United States*, 4 Ct. Cust. Appls. 261, T.D. 33483. These also concerned capers imported in vinegar, but the question whether they were manufactured goods did not arise.

We are of the opinion that the precedent established in the *Pierce* case controls the outcome of the issue here. The merchandise imported in the *Pierce* case appears identical to that here involved except that the temporary preservative was vinegar instead of brine.

In both cases the capers were to be repacked in vinegar before retailing. We do not consider the difference to be material.

Appellant contends that the *Pierce* case is not a controlling precedent since both the merchandise and the issue were different from those here involved. As stated above, we do not consider the difference in the merchandise as imported to be material. It is true that the issue in the *Pierce* case involved different statutory provisions by reason of subsequent revisions of the Tariff Act, but it is evident that the court clearly established that capers imported in a preservative to be further processed are classifiable as manufactured rather than raw goods, and in the absence of compelling reasons for a different classification or a clear showing of error in the reasoning of our predecessor court, we hold that these capers in brine were properly classified as a nonenumerated manufactured article under paragraph 1558 of the Tariff Act of 1930.

The Customs Court, in summing up its opinion, made a statement which could be interpreted as meaning that appellant must prove his claim beyond a reasonable doubt when he contends his goods are duty-free. Appellant has challenged the existence of any such rule in customs protest cases. Apparently the Customs Court intended merely to restate the well established principle that the collector's classification is presumptively correct and a preponderance of credible evidence is needed to overcome it. *Maltus & Ware* v. *United States*, 3 Ct. Cust. Appls. 354, T.D. 32909. Attention is directed to the case of *United States* v. *Edson Keith & Co.*, 5 Ct. Cust. Appls. 82, T.D. 34128, wherein it is stated specifically that the importers were not bound to make out their case to a moral certainty and beyond a reasonable doubt. No higher degree of proof is required when appellant claims classification of the goods under a duty free paragraph. *Witcombe, McGeachin & Co. et al.* v. *United States*, 12 Ct. Cust. Appls. 84, T.D. 40022.

The judgment of the Customs Court is *affirmed*.

JOHNSON, J., Retired, recalled to participate.