(C.D. 2665)

GEORGE E. ATHANS CO. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided April 27, 1966)

*Siegel, Mandell & Davidson* (*Murray Sklaroff* and *David Serko* of counsel) for the plaintiff.

*John W. Douglas*, Assistant Attorney General (*Glenn E. Harris*, trial attorney), for the defendant.

Before DONLON and RICHARDSON, Judges

DONLON, Judge: Merchandise described as grape leaves in brine was entered at the port of New York on March 7, 1957, on importation from Greece, as dutiable at 20 per centum ad valorem under paragraph 1558, without specification of the classification under paragraph 1558 on which that duty rate was based. The collector liquidated these grape leaves as entered, presumably as an edible preparation for human consumption, other than yeast, not entitled (because of specific exception) to the reduced rate of 10 per centum for articles manufactured, in whole or in part, not specially provided for. The collector's report to the court (Form 10–16) so states.

Neither plaintiff nor defendant is happy with the liquidation classification.

Plaintiff's protest, as originally filed, claimed that the merchandise was "Free of duty under paragraph 1768, or paragraph 1669, or paragraph 1722, or dutiable at 5% under paragraph 1558, T.D. 51802." By protest amendment, the further claim was made that this merchandise is dutiable at 16½ per centum ad valorem under paragraph 775, Tariff Act of 1930, as modified, T.D. 54108. (R. 5.) Plaintiff has abandoned its claims under paragraphs 1768 and 1669. (R. 3.) They are dismissed. That leaves the claims under paragraphs 1722, 1558, and 775.

The "primary claim" plaintiff argues is that these grape leaves are duty free, under paragraph 1722, as a vegetable substance, crude, or unmanufactured. However, plaintiff argues, alternatively, that these grape leaves are a vegetable, not specially provided for, under paragraph 775; or a raw or unmanufactured nonenumerated article under paragraph 1558.

In its brief, defendant confirms that the collector's classification was under paragraph 1558, but states that defendant's "primary reliance, however, is not upon the provision under which the merchandise was classified by the Collector, but upon the provision in paragraph 774 of the Tariff Act of 1930 for vegetables in their natural state * * * or upon the provision in paragraph 775 of the Tariff Act of 1930 for vegetables packed in brine * * *." (Defendant's brief, p. 1.)

The competing provisions are as follows:

Plaintiff's claims:

Paragraph 1722 of the Tariff Act of 1930 (Free List):

Moss, seaweeds, and vegetable substances, crude or unmanufactured, not specially provided for.

Paragraph 775 of the Tariff Act of 1930, as modified by the Sixth Protocol to the General Agreement on Tariffs and Trade, T.D. 54108:

Vegetables (including horseradish), if pickled, or packed in salt or brine (except onions packed in salt and not including pimientos):

* * * * * * *

 Other _____ 16½% ad val.

Paragraph 1558 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, T.D. 51802:

All raw or unmanufactured articles not enumerated or provided for (except frogs and frog legs) _____ 5% ad val.

Defendant's claims:

Paragraph 774, as modified by the General Agreement on Tariffs and Trade, T.D. 51802:

Vegetables in their natural state:

* * * * * * *

 Not specially provided for:

* * * * * * *

 Other _____ 25% ad val.

Paragraph 775, as modified by the Sixth Protocol to the General Agreement on Tariffs and Trade, T.D. 54108:

Vegetables (including horseradish), if pickled, or packed in salt or brine (except onions packed in salt and not including pimientos):

* * * * * * *

 Other _____ 16½% ad val.

(Grape leaves are often called vine leaves because the fruit which is called, in English, a grape, is *oinos* in Greek and *vinum* in Latin. *Grape leaves* and *vine leaves* are interchangeable terms for the merchandise of this suit.)

There are in evidence three exhibits, introduced by plaintiff. Exhibit 1 is illustrative of the grape leaves packed in brine, in condition as imported, except that the leaves, as imported, are packed in barrels. The leaves, of exhibit 1, were taken from such a barrel and were placed in a bottle. This was done solely for convenience. Exhibit 2 shows the article as marketed in the United States, after some processing here subsequent to its importation. Exhibit 3, a product of Greece, is in evidence as illustrating the use to which the merchandise is put in the preparation of food for human consumption, both in the United States and abroad.

Mr. George E. Athans testified for plaintiff. He identified himself as the plaintiff, George E. Athans Co. He described the processing of the grape leaves in Greece for export to the United States. This consists of picking the leaves and putting them in brine. (R. 8.) The record is confused at this point, the witness testifying that the leaves were put in brine in *bottles* in Greece. However, he later testified that they are packed in barrels. He said that he also packed vine leaves in Fresno, Calif.

Mr. Athans recited the manner of processing the vine leaves after importation. This is a process of repetitive washes to clear away both impurities on the leaves and the brine in which the leaves are imported. There follows a repacking in brine, this time in bottles, for sale in supermarkets and grocery stores.

As to use, Mr. Athans said that a housewife first boils the vine leaves in the brine in which it is packed; next, she rolls the leaves and puts raw rice in them, together with herbs, and boils the rolls until the rice is cooked; then she adds olive oil. (R. 13, 14, 15, 16.)

The cooked roll, including the vine leaves, is eaten, so Mr. Athans said.

Cabbage leaves may be used instead of vine leaves, Mr. Athans stated; but when cabbage leaves are cooked, they tend to break. (R. 16.)

The purpose of packing the vine leaves in brine for shipment from Greece to the United States is to keep them from spoiling, according to Mr. Athans.

Defendant introduced no evidence in support of the claims on which it primarily relies. No presumptions attach to any of defendant's newly claimed classifications.

The record before us does not differ materially from the stipulated record on which we decided *George E. Athans Co., Inc.* v. *United States*, 52 Cust. Ct. 231, Abstract 68220. In that case, however, plaintiff abandoned all of its protest claims save only its claim for classification under paragraph 775 as a vegetable. Relying on *United States* v. *Coroneos Bros.*, 9 Ct. Cust. Appls. 220, T.D. 38198, in which our

appeals court held that grapevine leaves are not vegetables in the tariff sense, we overruled the claim to classification of vine leaves as vegetables.

Plaintiff here also, alternatively, claims under paragraph 775, as does defendant. Plaintiff has not, however, briefed the claim under paragraph 775, on the ground that it is unable to offer any argument not presented in the earlier *Athans* case, *supra*, in which the claim under paragraph 775 was overruled. If the court should now be persuaded, by the argument in defendant's brief, that vine leaves are a vegetable for tariff purposes, then plaintiff concedes that they are vegetables that have been packed in brine.

Plaintiff concedes that it advanced no new argument for tariff classification of vine leaves as vegetables, not considered in the prior *Athans* case, *supra*. Moreover, it has adduced no new testimony that might distinguish the facts here, bearing on a claim to classification under paragraph 775, from the facts there. We are not persuaded by defendant's arguments that the rule laid down in the *Coroneos* and *Athans* cases, *supra*, should now be overruled.

Therefore, as to plaintiff's claim that these vine leaves in brine are, for tariff purposes, to be classified as vegetables packed in brine, we deem *Athans*, *supra*, to be controlling. That claim is overruled.

Much of plaintiff's brief is devoted to arguing that the liquidation classification was erroneous. It goes without saying that classification as a nonenumerated article under paragraph 1558 is always erroneous whenever it is established that there is, in fact, a tariff enumeration which embraces the article. This is a self-evident proposition.

Plaintiff argues primarily for classification of these vine leaves under paragraph 1722 as a vegetable substance, crude or unmanufactured, not specially provided for. Classification under paragraph 1722 was not before the court in the earlier *Athans* case. Thus there is now raised the issue whether, if not a vegetable for tariff purposes, as the *Athans* and *Coroneos* cases held, these vine leaves are, nevertheless, a vegetable substance. And if a vegetable substance, are they crude or unmanufactured?

We are of opinion that these grape leaves packed in brine are a vegetable substance and that they are not crude or unmanufactured.

A considerable range of edible plant growths, not classifiable as vegetables, have been held to be described, for tariff purposes, as vegetable substances. Our appeals court reviewed in *United States v. Wallace et al.*, 4 Ct. Cust. Appls. 142, T.D. 33413, a wide range of precedents, to which we refer without incorporating the citations.

The real issue is not whether these vine leaves packed in brine are a vegetable substance. They are. The issue is whether they are a vegetable substance that is *crude or unmanufactured*.

The most recent decision that seems to be most nearly applicable is *A. Millner Co.* v. *United States*, 46 CCPA 97, C.A.D. 706; affirming *idem*, 39 Cust. Ct. 244, C.D. 1935. The merchandise was capers packed in brine. The question was whether packing in brine constituted manufacture, wholly or in part. The record showed that, because capers are extremely perishable, they were quickly placed in brine on being picked, and were imported in that condition. In the earlier case of *Pierce* v. *United States*, 1 Ct. Cust. Appls. 171, T.D. 31215, capers were packed in vinegar. In both cases, as here, the temporary preservative, either brine or vinegar, was removed after importation and fresh preservative added.

Our appeals court, in *Millner, supra*, said:

We are of the opinion that the precedent established in the *Pierce* case controls the outcome of the issue here. The merchandise imported in the *Pierce* case appears identical to that here involved except that the temporary preservative was vinegar instead of brine. * * *

* * * it is evident that the court clearly established that capers imported in a preservative to be further processed are classifiable as manufactured, rather than raw goods, * * *. [*Millner, supra*, at pp. 99, 100; emphasis copied.]

While the *Millner* decision had to do with classification as a *nonenumerated unmanufactured* article, we are cited to no authorities, and we know of none, that support a different meaning for the concept of "unmanufactured," as used by Congress in paragraph 1558 and in paragraph 1722.

Nor are these vine leaves in brine in a crude condition. "Crude" connotes a natural state. Here the testimony is not only that the leaves are preserved in brine, but that brine—changed after importation, as was the vinegar in *Pierce*—is the liquid in which the vine leaves are cooked.

The protest claim under paragraph 1722 is overruled.

These vine leaves are not in the raw state. They are not unmanufactured. The protest claim that the leaves are an unenumerated raw or unmanufactured article, under paragraph 1558, is overruled.

Having found that grape leaves are not vegetables, there remains no classification asserted by either of the parties that would lift these vine leaves, packed in brine, out of their classification as unenumerated manufactured articles which are edible preparations for human consumption, other than yeast. Hence, they are dutiable at the unreduced rate of 20 per centum.

The protest claims under paragraphs 1768 and 1669 are dismissed. All other protest claims are overruled.

Judgment will be entered accordingly.